CHARLES H. MILLS, Respondent, v. CORNELIUS GARRISON, Appellant.

The rule that a single claim cannot be divided and made the subject of several suits is in the interest of the debtor and may be waived by him.

Under an agreement that if the creditor would forbear suing upon the whole of his demand and sue upon a part of it only, and, in case of a recovery upon that part, the debtor would pay the balance; it was *held,* that such agreement was a waiver of the rule in his favor concerning the division of actions, and that the recovery upon the part sued upon was not a bar to an action upon the balance of the claim.

It is not to be tolerated that a rule of law designed to protect debtors from oppression shall be used by them as an instrument of fraud. Per SMITH, J.

ACTION in the Supreme Court, on an agreement entered into by the defendant, to receive from the plaintiff four certain bonds of the city of Sacramento, in the State of California, and to pay therefor, on demand, the sum of $2,540. The answer set up, in bar, a recovery in the Marine Court of the city of New York for a breach of the same agreement.

On the trial, at a circuit, before Mr. Justice SUTHERLAND and a jury, the plaintiff proved the agreement sued on, dated the 23d March, 1857. It appeared that three of the bonds were for $1,000 each, and the fourth was for $544.45. The evidence tended to show that an agent of the plaintiff tendered the bonds to the defendant, and demanded pay prior to June, 1858. In the early part of that month, he again made the tender and demand, and defendant proposed to pay the proportion of the small bond, if the agent would relinquish the claim on the others. The agent replied that he had no authority to do that, and should sue defendant if he did not take the bonds at that time. The defendant then said, "go on and sue this small bond, and if you recover I will pay the others." After a conversation with the plaintiff, he suggested that that course be taken, and suit was commenced in the Marine Court, on the 21st June, 1858, and a judgment recovered against defendant, by default, for $392, besides

costs, which he paid. The complaint in that suit averred an agreement by the defendant, to receive the small bond and pay therefor, on demand, $392.

At the close of the testimony, the defendant moved to dismiss the complaint on the ground, among others, that the action in the Marine Court was a bar to this action; it being for the same identical cause of action, or the part thereof, set forth in the complaint. The motion was denied, and the defendant excepted.

The court charged the jury that the judgment of the Marine Court for the one bond, and the payment of such judgment upon execution, was not a bar to this action, and would not prevent the plaintiff from recovering the amount due for the remainder of the bonds, if otherwise entitled to recover for such remainder. To this charge the defendant excepted.

The plaintiff had a verdict for $2,355.80. The judgment entered thereon was affirmed at General Term.

*I. T. Williams,* for the appellant.

*W. E. Curtis,* for the respondent.

SMITH, J. The only question is, whether the recovery in the Marine Court is a bar to this action. It is a settled and familiar rule that a single claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, a judgment upon the merits in either will be available as a bar in the other suits. (16 N. Y. 548.) The reason of the rule is, that the practice which it prohibits, if encouraged, would lead to intolerable oppression upon debtors, by subjecting them to a needless multiplicity of suits. (8 Wend. 492.) But it is competent for a debtor to waive the protection of the rule; and no more complete waiver can be suggested than an agreement by the debtor, that if the creditor will forbear suing upon the whole demand, and will sue upon a part of it, then in case he recovers, the defendant will pay the balance of the claim.

VOL. III.    6

The evidence in the present case would have authorized the jury to find that precisely that agreement was made by the defendant. It does not appear that the defendant asked to have that point submitted to the jury, and therefore he cannot now complain if it was passed upon by the court. But that it was passed upon, either by the court or jury, and found in favor of the plaintiff, must be presumed, in support of the judgment. Now, after the defendant has thus deliberately waived the benefit of the rule, and the plaintiff has acted upon the faith of the waiver, the defendant cannot be allowed to invoke its protection, in order to defeat the plaintiff's just claim. He must abide by his waiver. It is not to be tolerated that a rule of law which was designed to protect debtors from oppression shall be used by them as an instrument of fraud.

The judgment should be affirmed.

DAVIES, Ch. J. The defendant being indebted to Edward Mills, a brother of the plaintiff, in the sum of $2,544, as a balance for moneys deposited by said Mills with him, and said claim or account having been assigned by the said Mills to the plaintiff, on the 12th of February, 1857, the defendant deposited with the plaintiff, and he received, as a loan on account of said balance, three bonds of the city of Sacramento, two for $1,000 each, and one for $544.45. It was declared in the receipt given for the same that said bonds were to be returned, on the final settlement and payment of the balance due, to the plaintiff on said assigned claim. On the 3d of March, 1857, the defendant deposited with the plaintiff another bond of a similar character for $1,000, as additional security for said balance. On the 23d of March, 1857, the plaintiff agreed to take said bonds, amounting in the whole nominally to the sum of $2,544.45, for the sum of $2,544, and indorsed that sum on the obligation or receipt of said defendant, and the defendant agreed to receive the said or similar bonds of the plaintiff, and to pay him the above sum for the same on demand. It was admitted, on the trial, that the proportion of the sum of $2,544, under the

contract represented by the three bonds, was $2,162. The plaintiff had a judgment for this sum and interest, and the same was affirmed at the General Term. The defendant contends that a judgment recovered and collected of the defendant for the sum of $392, represented by said bond for $544.45, was a bar to the action. But this position cannot successfully be maintained. By the true construction of the contract the plaintiff had the right to demand of the defendant the whole sum due to him, on a tender to him of the four bonds received from him, or similar bonds. The bonds were held as security for the sum, and each bond was held as a security for its proportionate amount thereof. It was optional, therefore, with the plaintiff at any time to demand the whole sum represented by all the bonds, or the particular sum represented by each bond. They elected, in the first instance, to demand the sum represented by the smaller bond, which it was conceded was $392; and on payment thereof being refused the action for that sum was commenced in the Marine Court, and judgment recovered therefor, and on payment of the same by the defendant the bond for $544.45 was surrendered to him. That judgment is claimed to be a bar to the present action.

As already observed, the claim of the plaintiff, by the terms of the contract between the parties, was severable into four distinct parts or sums, being each for the proportionate part represented by each bond. The plaintiff could, therefore, at any time have demanded payment for the whole sum, or separately for the amount represented by each bond. He elected to demand the sum represented by the smallest bond, and on refusal of the payment of that sum the plaintiff's right of action for such amount was complete. He claimed only to recover this sum in the action in the Marine Court, and his rights to that were all that were in litigation in that action or passed upon by that court. It is true, that by an arrangement between the parties the defendant agreed to pay the residue due the plaintiff if a recovery was had for that sum; but his non-compliance with that agreement furnishes no ground or reason why the plaintiff cannot

recover on the original contract; nor can that action, which by agreement and in fact was limited to the sum represented by the smaller bond, be availed of as a bar to this action. The plaintiff was clearly entitled to recover the balance, which it was conceded to be due to him; and the judgment appealed from should be affirmed with costs.

All the judges concurring, except MORGAN, J., not voting,
Judgment affirmed.