### MILLER *v.* UNION SWITCH & SIGNAL CO.

*(Supreme Court, General Term, First Department.*  February 13, 1891.)

1. SPLITTING ACTIONS—MERGER BY JUDGMENT.

   An assignee, under separate and distinct assignments of different installments of royalties, for distinct periods of time, under a contract, may maintain separate actions for such separate installments, and a judgment in one such action does not merge the other cause of action.

2. RES ADJUDICATA.

   A judgment is conclusive on the parties to the record as to facts established by admissions in the pleadings, as well as to facts proved by evidence, even in a subsequent action between them, where a fact so admitted is denied in the answer.

Exceptions from circuit court, New York county.

Action by Frank W. Miller against the Union Switch & Signal Company. At the trial, the court directed a verdict for plaintiff, and ordered defendant's exceptions to be heard in the first instance at the general term. For former reports, see 9 N. Y. Supp. 655, 659.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Carter, Hughes & Cravath, (Charles E. Hughes* and *John W. Houston,* of counsel,) for defendant. *George W. Miller,* for respondent.

VAN BRUNT, P. J. This action was brought on the 13th of October, 1888, by the plaintiff, as the assignee of one Johnson, to recover an installment of royalties claimed to have become due to said Johnson on the 1st of June, 1888, under a contract entered into in September, 1886, between said Johnson and the defendant. It appeared upon the trial of the action that on the 31st of October, 1888, this plaintiff commenced an action in the superior court of the city of New York against this defendant, to recover an installment of royalties under said contract for the quarter ending September 1, 1888, and on the 12th of April, 1890, obtained a judgment in said superior court against the defendant for this second installment. It was claimed by the defendant upon the trial that the judgment of the superior court was a judgment for the same cause of action as that upon which the plaintiff is now suing, and therefore whatever claim the plaintiff had for the first installment is merged in that judgment; and it is further claimed that the plaintiff has failed to prove the termination of the contract, which was a necessary fact to be proven in order that the plaintiff might maintain this action. It may be conceded that had Johnson, the original contracting party, commenced these actions, both installments being due, a judgment in one merged the claim for all that was due under the contract at the time at which the action was commenced, and that under such circumstances the claim of the defendant that the superior court judgment is a bar would be well founded. The question, however, presented is whether the plaintiff, having by separate and distinct assignments, made at different times, acquired title to whatever claim Johnson had against the defendant for these royalties, was bound to embrace in one action all the claims which he had thus become the owner of by separate and distinct assignments. We think that the fact that the plaintiff had thus acquired his title makes the rule above cited inapplicable to the case at bar. The plaintiff would be required to give separate and distinct proof of his title to these two causes of action. The authority to sue in each case depended upon different instruments. It is true that the foundation of the causes of action in Johnson rested upon one and the same instrument; but his assignee had his

standing in court by virtue of the assignments of Johnson's claims, which were separable, and which necessitated distinct and separate proof upon his part. It is only in those cases where the class of proof is the same, as to all the causes of action existing, that the rule that a recovery for one installment upon a contract is a bar to all that were due at the time of the commencement of the action, applies. *Stowell* v. *Chamberlain*, 60 N. Y. 272. It was said in the case cited that the question is whether the same evidence will maintain both actions. In the case at bar, in order to establish his cause of action, the plaintiff was required to put in evidence his assignment. In the action in the superior court he was obliged to put in evidence a different assignment. Thus a difference in proof was necessary, and no principle has been called to our attention, nor any case cited, which holds that, where a party obtains title by different instruments to his causes of action, he is bound to unite them all in one suit. This brings us to the second proposition, namely, that there was no proof of the termination of the contract in question so as to give Johnson the right to claim these royalties. It has not been deemed necessary to advert at length to the terms of this contract, inasmuch as the question presented is one of law upon conceded facts. It is claimed upon the part of the plaintiff that, it having been adjudicated in the action in the superior court, he had a right to recover for these royalties as though the contract had been terminated; that that question cannot be again litigated in the case at bar. It is urged upon the part of the defendant that the adjudication in the superior court is not conclusive, because the pleadings are not the same, in that in the answer in the superior court action it was admitted that the contract had been terminated, and in the case at bar such termination was denied. We do not understand that the form of pleading in any way affects the conclusiveness of an adjudication as to a fact necessary for the maintenance of the action in which the judgment has been obtained. A judgment founded upon an admission establishes the fact admitted, if necessary to the judgment, as conclusively as though the fact had been found from evidence. The sole object of requiring an answer to a claim is to avoid the necessity of taking evidence as to admitted facts, and to inform the claimant what facts he must produce evidence to establish. The adjudication is founded upon the facts established by admissions contained in the pleadings, as well as upon the facts proved by the evidence; and the judgment is conclusive between the parties to the record as to the facts thus established. Therefore it is immaterial whether the termination of the contract was adjudicated in the action in the superior court because of an admission in the pleadings, or because it had been so established by the evidence. As between the parties, the effect of the adjudication was the same; and therefore the court was right in holding that the question as to the termination of the contract was not open to further investigation. The introduction of that judgment established the allegations of the complaint, and overcame the denial contained in the answer. The exceptions should be overruled, and judgment ordered for the plaintiff upon the verdict, with costs. All concur.