WALDRON v. HENDRICKSON.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. RES JUDICATA—SPLITTING CAUSES OF ACTION—CONTRACTS.

Where an employé wrongfully discharged recovers a judgment against the employer for salary for part of the unexpired term, on a complaint alleging salary due after the discharge, but containing no allegation of services rendered either before or after his discharge, the judgment is for damages for breach of the contract of employment, and is a bar to a subsequent action for damages for such breach, though a recovery is not sought for the same items.

2. APPEAL—DECISION—DIRECTIONS FOR FINAL JUDGMENT.

On reversal of a judgment in favor of a plaintiff who cannot recover in any event, the court will direct a final judgment to be entered for defendant.

Appeal from municipal court, borough of Queens, Third district.

Action by Charles W. Waldron against Isaac C. Hendrickson. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edgar Jackson, for appellant.
George F. Alexander, for respondent.

GOODRICH, P. J. The action was brought to recover damages for the breach of a written contract of employment of the plaintiff by the defendant. It was dated July 10, 1896, and provided for the employment of the plaintiff for one year at a weekly salary of $15. The plaintiff entered on his duties, but was discharged on October 31st. He recovered a judgment for $15 per week for the unexpired term, less $45 for the three weeks next after his discharge.

The only question which we are called to consider arises out of an allegation in the answer setting up as res judicata a judgment for $45 recovered by the plaintiff against the defendant in an action on the same contract in a justice's court. The complaint in that action, after setting out a copy of the contract, alleged that on October 31, 1896:

"(1) The defendant, without any right, or without a mutual rescinding of the aforesaid contract, refused and has not permitted this plaintiff to continue his employment under said contract, though the plaintiff then offered to continue such employment, and is still willing to continue the same.

"(2) That since said October 31, 1896, this plaintiff has always been ready to continue his employment with the defendant, and is still willing and ready to perform the services required of him under said contract.

"(3) That, since the refusal of the defendant to permit the plaintiff to continue the employment, this plaintiff has endeavored to find other employment, but without being able to obtain any.

57 N.Y.S.—36

"(4) That there is due the plaintiff from the defendant, for and on account of said contract aforesaid, the sum of forty-five dollars ($45), being the salary due the plaintiff for the weeks ending November 7th, 14th, and 21st, no part of which has been paid, although payment thereof has been demanded of the defendant, and he has refused to pay the same."

It concluded with a prayer for judgment for $45, and the justice rendered judgment for that sum.

It is evident that, if we construe that complaint as setting up a cause of action for damages for the breach of the contract, the judgment is a bar to this action. It will be observed that the complaint did not contain an allegation that the plaintiff had rendered services after the breach of the contract. He merely alleged that there was due him the sum of $45 as salary for three weeks, which had been demanded and refused; but that was not a sufficient allegation to sustain a simple suit for wages, which could only be maintained on an allegation of the rendition of service under the contract. All the other allegations of the complaint conform to the requirements of the authorities as to the necessary allegations of a complaint in an action for the recovery of damages for the breach of such a contract, and, with the exception of the paragraph numbered 4, they are substantially identical with the allegations of the complaint in this action. In Howard v. Daly, 61 N. Y. 362, it was held that a servant wrongfully discharged had (independently of his action for wages actually earned) but two remedies growing out of the wrongful act,—that is, the breach,—viz. (1) to treat the contract of hiring as continuing, and recover for the breach, or (2) to rescind the contract, and sue on a quantum meruit for services actually rendered. It follows that as the plaintiff herein had rendered no services after the breach, and earned no wages, his only remedy when he commenced the action in the justice's court was an action to recover damages for breach of the contract. But when the plaintiff brought that action he exhausted his remedy for the recovery of damages incident to the breach of the contract.

In Perry v. Dickerson, 85 N. Y. 345, the opinion of the court, Judge Andrews writing, contains the following (page 347):

"To sustain the plea of a former judgment in bar of a second action, it must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to the plaintiff. In order to establish an identity between the causes of action in the two suits it is not necessary that the claim made in the first action embraced the same items sought to be recovered in the second. It is sufficient, to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first action was founded. The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each; and neither in this way, nor by withholding proof of particular items on the trial, nor by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of a contract."

As we see no escape from the conclusion that the former judgment constitutes a bar to the present action, the judgment must be reversed; and, as the plaintiff can in no event recover, a final judgment must be entered for the defendant, with costs. Husted v. Thomson, 158 N. Y. 328, 53 N. E. 20. All concur.