THE OSBORNE COMPANY, Respondent, *v.* FRANKLIN MILLS COMPANY, Appellant.

*Contract — when it may be treated as terminated and a recovery may be had for services on a* quantum *meruit.*

Where one corporation invites another to make a preliminary design for an advertising card, with the understanding that if the design is acceptable to the former it will give the designing corporation an order to furnish the show card; and, after photographs of the preliminary design have been submitted to it, it refuses to give the designing company an order for the show card, not because of any lack of skill in the preparation of the design, or because such design

fails to·meet its expectations, but simply because it has secured another design which it prefers, the designing corporation is entitled to treat the contract as terminated, and may recover, on a *quantum meruit,* the moneys expended by it in preparing the preliminary design.

APPEAL by the defendant, the Franklin Mills Company, from a judgment of the County Court of Niagara county in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 31st day of March, 1899, affirming a judgment of a justice of the peace in favor of the plaintiff.

*David Millar,* for the appellant.

*Mortimer A. Federspiel,* for the respondent.

SPRING, J. :

The plaintiff is a foreign corporation, and had done work in designing calendars to be used by defendant in advertising its business.

On March 17, 1898, the latter wrote to the plaintiff inquiring if it could work up a certain design, and asking as to price, etc. In reply to this inquiry the plaintiff by a letter of the date of January twenty-fourth, entered fully into the details essential to carry. out the design desired by the defendant, including actual cost preparatory thereto, and offering to undertake the job, guaranteeing satisfactory results.

The defendant replied to this letter January twenty-ninth as follows : " As regards the new work, if the design is acceptable to us we would place an order for the show card. If you care to work out the design in the manner you propose and submit the same to us when completed, *we will make use of it if acceptable.* * * * No doubt you can make a first-class job of the design we have before you ; but, of course, we do not feel like taking any responsibility in the matter as we are not familiar with your facilities. Please let us hear from you in reply and oblige."

February first the plaintiff answered : " Replying to your favor of the 29th ult., we have entered your order for a new design to be made in such a way that the finished work will come out in detail same as our No. 2052. As soon as the drawing for this new plate has been finished, we will submit to you for approval. There is no question but that we can give you in this the results you seek."

These letters constituted the agreement between the parties, and their import was that the defendant engaged the plaintiff to make the preliminary design and, if that was acceptable to it, the work was to be consummated by the plaintiff. That is, the contract was unqualified, providing the design submitted met the approbation of the defendant. Relying upon this order, the plaintiff, at an outlay of thirty-five dollars, prepared the design, and on February twenty-fifth mailed to the defendant photographs of this drawing for examination in compliance with the agreement.

On March second the defendant acknowledged receipt of the same as follows: "We are in receipt of the photographs and in the same we can see an improvement over the work on the calendar. In the meantime, however, we have had a new sketch made in water colors which we like much better than your sketch — will send you a photograph of the same. On receipt of same, please write us your opinion of the work and oblige."

The defendant in this letter neither accepts nor rejects the design, but seeks to evade the fulfillment of the contract on the ground that it had procured a satisfactory drawing elsewhere. The subsequent communications of the defendant are of the same tenor. There is no unequivocal refusal to accept because of any failure in skill in the preparation of the design or that it failed to meet the expectations of the defendant; but the reason persistently pressed is that it had purchased of someone else.

When the photographs were received the obligation was upon the defendant to inspect them and, with reasonable promptness, to advise the plaintiff of the result of its examination. It could not avoid its contract upon the pretext that it had seen fit to buy of another. Fairness in the performance of the agreement required that the defendant should accept the photographs if they conformed to the scheme outlined in the correspondence. If there was not a substantial compliance, then a rejection on that ground was within the scope of the contract. The defendant retained the photographs and did not definitely accept or reject.

The plaintiff did not complete the work and sue for the purchase price. The preparation of the drawing had cost thirty-five dollars, and it sued on a *quantum meruit* for these services, and the amount was conceded on the trial. Inasmuch as the defendant did not

decline to accept because of any dissatisfaction with the work itself,. but did in effect refuse to carry out the contract; the plaintiff at least could maintain an action to recover the actual value of the services rendered. The refusal of the defendant to perform amounted to a breach of the agreement and was adequate warrant for the plaintiff to treat it as terminated and sue on a *quantum meruit.* (*Howard* v. *Daly*, 61 N. Y. 362; *Waldron* v. *Hendrickson*, 40 App. Div. 7; Cowen's Treatise [7th ed.], §§ 217, 794.) As was said in the valuable treatise of Judge Cowen, at section 794: "Where one party to a contract gives notice to the other that he shall not perform it, performance by the one receiving such notice is unnecessary, and he may recover the damages he has sustained up to that time."

The burden was not upon plaintiff, after defendant had repudiated the agreement, to perform on its part and then seek to recover the entire purchase price. The course pursued is more consonant with justice, and certainly the defendant ought not to complain of the remedy resorted to, as it involved the least expense to it.

The judgment should be affirmed, with costs to the respondent.

All concurred.

Judgment affirmed, with costs.