### OSBORNE CO. v. FRANKLIN MILLS CO.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

CONTRACTS—REFUSAL TO PERFORM—QUANTUM MERUIT.

> Where defendant agreed to place an order with plaintiff for a certain amount of advertising matter, provided a design therefor, to be made by plaintiff, was satisfactory to them, and plaintiff at some expense prepared the design, and defendant refused to accept it on the ground that they had made other arrangements as to a design, plaintiff can treat the refusal. as a breach of the contract, and sue on a quantum meruit for the expense of preparing the design.

Appeal from Niagara county court.

Action by the Osborne Company against the Franklin Mills Company on a quantum meruit. From a judgment of a county court affirming a judgment of a justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,. SPRING, and SMITH, JJ.

David Millar, for appellant.
Mortimer A. Federspiel, for respondent.

SPRING, J. The plaintiff is a foreign corporation, and had done work in designing calendars to be used by defendant in advertising.

its business.   On March 17, 1898, the latter wrote to the plaintiff, inquiring if it could work up a certain design, and asking as to price, etc.   In reply to this inquiry the plaintiff, by a letter of the date of January 24th, entered fully into the details essential to carry out the design desired by the defendant, including actual cost preparatory thereto, and offering to undertake the job, guarantying satisfactory results.   The defendant replied to this letter January 29th, as follows:

"As regards the new work, if the design is acceptable to us, we would place an order for the show card.   If you care to work out the design in the manner you propose, and submit the same to us when completed, we will make use of it if acceptable.   *   *   *   No doubt you can make a first-class job of the design we have before you; but, of course, we do not feel like taking any responsibility in the matter, as we are not familiar with your facilities.   Please let us hear from you in reply, and oblige."

February 1st the plaintiff answered:

"Replying to your favor of the 29th ult., we have entered your order for a design to be made in such a way that the finished work will come out in detail same as our No. 2,052.   As soon as the drawing for this new plate has been finished, we will submit to you for approval.   There is no question but that we can give you in this the results you seek."

These letters constituted the agreement between the parties, and their import was that the defendant engaged the plaintiff to make the preliminary design, and, if that was acceptable to it, the work was to be consummated by the plaintiff; that is, the contract was unqualified, providing the design submitted met the approbation of the defendant.   Relying upon this order, the plaintiff, at an outlay of $35, prepared the design, and on February 25th mailed to the defendant photographs of this drawing for examination, in compliance with the agreement.   On March 2d the defendant acknowledged receipt of the same, as follows:

"We are in receipt of the photographs, and in the same we can see an improvement over the work on the calendar.   In the meantime, however, we have had a new sketch made in water colors, which we like much better than your sketch.   Will send you a photograph of the same.   On receipt of the same, please write us your opinion, and oblige."

The defendant in this letter neither accepts nor rejects the design, but seeks to evade the fulfillment of the contract on the ground that it had procured a satisfactory drawing elsewhere.   The subsequent communications of the defendant are of the same tenor.   There is no unequivocal refusal to accept because of any failure in skill in the preparation of the design, or that it failed to meet the expectations of the defendant; but the reason persistently pressed is that it had purchased of some one else.   When the photographs were received, the obligation was upon the defendant to inspect them, and with reasonable promptness to advise the plaintiff of the result of its examination.   It could not avoid its contract upon the pretext it had seen fit to buy of another.   Fairness in the performance of the agreement required that the defendant should accept the photographs if they conformed to the scheme outlined in the correspondence.   If there was not a substantial compliance, then a rejection on that ground was within the scope of the contract.

The defendant retained the photographs, and did not definitely accept or reject. The plaintiff did not complete the work, and sue for the purchase price. The preparation of the drawing had cost $35, and it sued on a quantum meruit for these services, and the amount was conceded on the trial. Inasmuch as the defendant did not decline to accept because of any dissatisfaction with the work itself, but did, in effect, refuse to carry out the contract, the plaintiff at least could maintain an action to recover the actual value of the services rendered. The refusal of the defendant to perform amounted to a breach of the agreement, and was adequate warrant for the plaintiff to treat it as terminated, and sue on a quantum meruit. Howard v. Daly, 61 N. Y. 362; Waldron v. Hendrickson, 40 App. Div. 7, 57 N. Y. Supp. 561; Cow. Treat. (7th Ed.) §§ 217, 796. As was said in the valuable treatise of Judge Cowen at section 794:

"Where one party to a contract gives notice to the other that he shall not perform it, performance by the one receiving such notice is unnecessary, and he may recover the damages he has sustained up to that time."

The burden was not upon plaintiff, after defendant had repudiated the agreement, to perform on its part, and then seek to recover the entire purchase price. The course pursued is more consonant with justice, and certainly the defendant ought not to complain of the remedy resorted to, as it involved the least expense to it. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.