(42 Misc. Rep. 198.)

### GOLDSHEAR v. BARRON.

(Supreme Court, Appellate Term.　December 17, 1903.)

1. JUDGMENT—RES JUDICATA—SPLITTING CAUSE OF ACTION—JUDGMENT FOR PART —ASSIGNMENT—SUIT ON ASSIGNED CAUSE.

Where the owner of property agreed with a broker that, if any sale or lease grew out of an introduction of the owner to a third person, he would pay the broker a commission, and a lease was made, and the broker recovered judgment for his commission, but before the commencement of the action the broker had assigned his claim for commissions arising from a sale that followed the lease, the judgment was no bar to an action by the assignee, though the demands were not legitimately the subject of distinct actions, and might have been included in the original action.

2. BROKERS—COMMISSIONS—CORPORATE VENDEE—DIRECTOR AS BROKER.

Where the owner of property contracted with a broker to pay him a commission if a sale arose from the introduction of a certain person to the owner, and the introduction led to a sale to a corporation which was not in existence when the contract was made, but of which the broker was a director when the sale was made, the rule which forbids an officer .of a corporation to profit by a transaction in which his interests may be inconsistent with the corporate interests would apply, although the contract itself, when made, was valid.

3. SAME—BROKER AS DIRECTOR.

It appearing in an action by a broker for his commissions that the broker agreed prior to the formation of the corporation, with the one who was the actual owner of it, that the broker was to obtain a commission from the seller, and that no other rights and interests had intervened, the evidence was sufficient to take the case to the jury upon the question of the broker's fair dealing, and the validity of the agreement for commissions.

Appeal from City Court of New York, General Term.

Action by Abraham L. Goldshear against John C. Barron. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Roger Foster, for appellant.
L. J. Phelps, for respondent.

BISCHOFF, J. 'The plaintiff's assignor, Turner, introduced to the defendant one Albert T. Otto upon the defendant's promise that, if a sale or lease of his property grew out of the introduction, Turner

should receive a commission; performance upon the part of the latter involving no services beyond and after the introduction itself.    From this introduction a lease resulted, followed a year later by a sale, the lessee and the vendee being corporations each controlled and practically owned by Otto, and the evidence would have justified a finding by the jury that the agreed commission had accrued upon the sale. The dismissal at the close of the plaintiff's case proceeded upon the ground that a defense had been disclosed in the fact that Turner at the time of the sale was a director of the vendee corporation, and, further, that a prior recovery of his commission upon the lease, without the assertion of the claim of a commission upon the sale, which had accrued at the time when the prior action was commenced, operated to preclude a recovery upon this latter claim, because the items of damages under the same contract were not severable.    The claim in suit had been assigned to this plaintiff before Turner's action for his commission upon the lease was brought, and, assuming that the demands were not legitimately the subject of distinct actions. at his instance, because growing out of an entire contract, this did not affect the right of his assignee to maintain an action upon the claim assigned, notwithstanding the assignor's recovery for the remaining item.    Miller v. Union Signal Co. (Sup.) 13 N. Y. Supp. 711.    This ground for dismissal of the complaint, therefore, could not suffice; and the result reached by the court below must depend for its accuracy upon the question whether Turner's connection with the corporation invalidated his contract for commissions, as a matter of law, upon the facts in evidence.

When this contract was made, and Turner's services performed, the vendee corporation was not in existence, but, since his commission depended upon the fact of a sale, his interest under the contract was in possible conflict with his duty as director, assumed at the time of sale; and the rule which forbids an officer of a corporation to profit by a transaction in which his interests are or may be inconsistent with the corporate interests would apply, although the contract itself, when made, was valid.    Koster v. Pain, 41 App. Div. 443, 58 N. Y. Supp. 865.    The policy of the law is to avoid the possibility of prejudice to stockholders through a director's assumption of an interest inconsistent with the trust reposed in him; and the presence or absence of a wrongful intent, or of actual prejudice to the corporation in the transaction, does not affect the rule which renders the contract, if executory, unenforceable by the director (3 Thompson on Corporations, § 4011, and cases cited), and voidable at the instance of the corporation (Barr v. R. Co., 125 N. Y. 263, 274, 26 N. E. 145). The rule discussed, however, applies only to secret agreements for the director's own profit, and does not invalidate an agreement, openly made, to the knowledge of the body of the stockholders, whereby the profit is to be enjoyed.    3 Thompson on Corporations, § 4025.

It appears from the evidence that Otto was the actual owner of the vendee corporation, as he was also of its predecessor, the lessee of the defendant's property, during the period intervening the contract for commissions and the sale.    Whatever openness and fair dealing upon the part of Turner was required to make this contract valid could be

due from him to Otto only, for there was no other interest represented. The directors were nominal holders of stock, to qualify them; but, as appears, Otto was, and properly, in substance and in fact, during all the time when Turner's connection with the corporations could have had a bearing, nominally or otherwise, upon the corporate interests to be affected by the proposed purchase of the defendant's property. This being the situation, Turner's testimony that before going to see the defendant he told Otto of his intention to procure a sale of this property, and to make a commission, if he could, and that Otto said, "All right," was, in our view, sufficient to take the case to the jury upon the question of this party's fair dealing, and of the consequent validity or invalidity of the agreement for commissions. Having the consent, in advance, to just such an agreement as was made, of the only person whose interests could be absolved from the charge of concealing anything which bore upon the fulfillment of his official duties, and with this evidence in the case, the court's determination that the contract in suit was invalid, as matter of law, cannot be supported. Upon proof that other interests had intervened before the sale, and while Turner was acting as director, it may well be that he would be required to justify this contract by something more than Otto's consent; but, as the case stands, there is no proof of intervening interests, and, at best, there is but a suggestion that stock was issued after the sale, or at the very time, but after all steps towards its completion had been taken in behalf of the corporation.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.