(62 Misc. Rep. 621.)

RAUH v. WOLF et al.

(Supreme Court, Appellate Term.   April 8, 1909.)

1. MASTER AND SERVANT (§ 39*)—BREACH OF CONTRACT OF EMPLOYMENT—ACTION FOR DAMAGES—COMPLAINT.

    The complaint alleging that in March, 1907, defendants employed plaintiff for a period from such time to January, 1908, and agreed to pay him monthly at the rate of $2,500 per year; that plaintiff performed his obligations, but defendants failed to perform said agreement, in that they prevented him from rendering services during the months of November and December, 1907; and that there is due plaintiff under said install-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments the sum of $208.33 for each of said months—is sufficient to sustain a recovery for breach of the contract of employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 45; Dec. Dig. § 39.*]

2. JUDGMENT (§ 594*)—RES JUDICATA.

Judgment rendered January, 1908, in an action commenced in November, 1907, for breach of contract of employment from March, 1907, to January, 1908, the damages therein sought having been what he would have earned during the month of October, 1907, had he not been prevented by defendants from rendering services, is a bar to further action for breach of the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1109; Dec. Dig. § 594.*]

Appeal from City Court of New York, Special Term.

Action by Louis Rauh against Abraham Wolf and another, partners as A. Wolf & Co. From a judgment dismissing the complaint, plaintiff appeals. Modified and affirmed.

See 59 Misc. Rep. 419, 110 N. Y. Supp. 923.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

White & Case, for appellant.

Louis Levene (Max Schleimer, of counsel), for respondents.

SEABURY, J. This action was brought to recover damages for a breach of a contract of employment. The complaint alleges that on March 23, 1907, the plaintiff and the defendants entered into an agreement whereby the defendants employed the plaintiff for a period to continue from said date to January 1, 1908, and agreed to pay the plaintiff for his services at the rate of $2,500 per annum, payable in monthly installments; that the plaintiff performed the obligations to be performed on his part, but the defendants failed to perform said agreement, in that they prevented the plaintiff from rendering services during the months of November and December, 1907; that there is due the plaintiff under said installments the sums of $208.33 for the month of November, 1907, and $208.33 for the month of December, 1907. The complaint then demands judgment for $416.66, with interest and costs.

In the court below counsel for the plaintiff conceded that the plaintiff rendered no services for the months of November and December, and the court construed the complaint as stating a cause of action for services rendered, and dismissed the complaint. The complaint, although inartificially drawn, is sufficient to sustain a recovery of damages for breach of the contract of employment therein stated. Murray v. O'Donohue, 109 App. Div. 696, 96 N. Y. Supp. 335; Williams v. Conners, 53 App. Div. 599, 66 N. Y. Supp. 11. If this were the only question presented by the record before us, the judgment should be reversed, and a new trial ordered.

The defendant, however, pleaded, as a bar to this action, a judgment recovered in the Municipal Court. The judgment roll in the Municipal Court action was offered and received in evidence. The parties were the same in both actions, and the plaintiff recovered

judgment in the Municipal Court action for a breach of the same contract of employment set up in this action. In the Municipal Court action the plaintiff sued to recover $208.33 for "services rendered and breach of contract of employment." In the Municipal Court action, the plaintiff testified that he performed no work in October, having discontinued work on September 28th, and that he was suing for "salaries for October."

The Municipal Court action was started on November 13, 1907, and judgment was rendered in the plaintiff's favor for the full amount claimed on January 21, 1908. From this review it will be seen that in the Municipal Court action the plaintiff recovered for a breach of contract, and his damages were shown to be the loss of $208.33, which he would have earned during the month of October, if performance had not been prevented. The recovery in the Municipal Court was not for services actually rendered, because it is conceded that the plaintiff rendered no services in October. The plaintiff having recovered in the Municipal Court a judgment for a breach of the contract of employment, that judgment is a bar to the present action to recover for a breach of the same contract of employment. Waldron v. Hendrickson, 40 App. Div. 7, 57 N. Y. Supp. 561.

The judgment roll offered in evidence establishes a complete bar to this action, and the complaint should have been dismissed upon the merits.

The judgment is modified, and the dismissal is directed upon the merits, and, as modified, affirmed. All concur.