CHARLES FIRESTONE and ISADOR SILVER, Respondents, *v.* THE ÆTNA INDEMNITY COMPANY, Appellant.

(Supreme Court, Appellate Term, May, 1910.)

Cause of action — Splitting cause of action.
Replevin — Liability on undertaking — Extent of liability and breach ol fulfillment of conditions.

> An undertaking in replevin given under section 99 of the Municipal Court Act covers payment to defendant only of " any sum which the judgment awards to him against the plaintiff," and counsel fees cannot be recovered in an action on the undertaking.

> Where the defendant assigned to plaintiff all his interest in the undertaking together with the right to sue for the recovery of dam ·

ages sustained thereby to the extent of $250, the cause of action upon the undertaking cannot be split, nor any recovery had in an action thereon unless all claimants are made parties thereto.

APPEAL from a judgment in favor of the plaintiffs for $100 for legal services rendered to a city marshal in vacating a writ of replevin under which an automobile was taken from him. The action is on the indemnity bond accompanying the writ.

Frederic H. Cowden, for appellant.

Isador Silver, for respondents.

BIJUR, J. Without considering a number of other points raised by the appeal, it suffices to point out that section 99 of the Municipal Court Act provides that the bond shall cover payment to the defendant only of " any sum which the judgment awards to him against the plaintiff." In this it differs from sections 57 and 76, whereby the bond is required to cover " all damages which defendant may sustain by reason of " the arrest and attachment, respectively. As the present plaintiff, who was defendant in replevin, was not indemnified against damages suffered, expenses incurred for counsel cannot be recovered.

In addition to this vital point, the only claim of the defendant in replevin against the plaintiff therein would be for the return of the chattel or its value. In the case at bar, however, the defendant in replevin has undertaken to assign to the plaintiff at bar " all my right, title and interest in and to a certain undertaking in replevin * * * together with full right to institute any and all actions for the recovery of damages by me sustained under said undertaking in replevin *to the extent of* $250." The cause of action cannot be split up in this manner and recovery had in an action, unless all claimants are joined therein. McLean v. Fidelity & Deposit Co., 56 Misc. Rep. 623.

SEABURY and GUY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.