HENRY J. CARVILL, Appellant, v. MIRROR FILMS, INCOR-PORATED, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Bar — when action to recover damages not barred — damages — assignment of claim — stipulation — when judgment for defendant reversed.

　　Where plaintiff, employed by defendant for a year at a weekly salary, after his discharge before the end of the term of his employment, by an assignment of his claim for damages up to a certain date, reserved to himself all damages which might accrue after said date, an action by him to recover the same is not barred where a recovery on the part of the damages assigned was permitted by defendant, as under a stipulation as to the facts he must be held to have impliedly assented to a splitting of the plaintiff's cause of action, and a judgment for defendant will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of defendant, entered upon the decision of the court of a question of law arising upon a set of stipulated facts.

Paul N. Turner, for appellant.

John J. Curtin, for respondent.

Misc.]     Supreme Court, Appellate Term, February, 1917.

BIJUR, J.   The stipulation discloses that plaintiff was employed by defendant for one year from January 1, 1916, at a weekly compensation of $100; that he was at all times ready and willing but that he began to work on January seventeenth and continued to February fifth — three weeks — for which he received $300; and that on or about the latter date he was discharged. On February fourteenth he made an assignment to one Jones of " All that certain claim and demand which I have against the Mirror Films, Inc., for damages for the breach of its agreement of hiring with me, this assignment covering all damages which have accrued to me or may accrue up to March 6th, 1916, reserving to myself all damages which may accrue after said date." A few days later Jones brought suit against the defendant for the sum of $600, indorsing the summons " Breach of contract and assignment." That suit resulted in judgment for the plaintiff on March fourteenth in the sum of $600, " that is (according to the stipulation of facts) plaintiff was permitted to recover for the nine weeks from January 1, 1916, to March 6, 1916, at the rate of $100 per week, less the $300, which Carvill had received * * * It is conceded that Francis Arthur Jones, as assignee of Henry Carvill, plaintiff herein, sued and received judgment on the assignment of said Carvill's alleged damages for the defendant's alleged breach of contract, up to March 6th, 1916." On June 9, 1916, plaintiff began this action, the summons being indorsed " breach of contract," and asking for $1,000. The stipulation of facts closes with the statement: " The sole question to be decided is a question of law as to whether the plaintiff in this action is barred from recovering as claimed by the defendant by reason of the recovery of damages by plaintiff's assignee aforementioned."

In my opinion, the plaintiff in this action is not so

barred, because by the conduct of the parties as herein above recited this defendant must be held to have assented impliedly to a splitting of the cause of action so that Jones might recover on the part assigned and the plaintiff on the balance which he retained.   While the assignment was evidently not drawn by persons skilled in the law, and the paper is therefore inartificial in form, the intent of the parties seems to be manifest beyond any doubt.   Although by the first clause of the extract quoted by me plaintiff assigned all his claim for damages for breach of the agreement to Jones, by the second clause of the same sentence, which by the conventional canons of construction must be given its full weight, the apparently unrestricted assignment was limited with careful exactitude.   Not only is the assignment restricted to the extent of covering only damages up to March 6, 1916, but the plaintiff expressly reserves to himself all damages after that date.   It seems to be clear that plaintiff intended to give to defendant so much of his cause of action as was represented by the damages that had accrued prior to March 6, 1916, namely, the plaintiff's wages for the first two weeks of the term and the equivalent amount during the succeeding four weeks after his discharge out of the total of the thirty-eight weeks remaining after February fourth of the period of his employment. That all of the parties, including the defendant, so interpreted the assignment seems to be confirmed by the language which I have quoted from the stipulation of facts, namely, that Jones " was permitted to recover for the nine weeks from January 1st, 1916, to March 6th, 1916, at the rate of $100 per week, less the $300 which Carvill had received."

It is true that but one *cause of action* accrues for breach on the part of an employer of so much of a contract of employment as remains unexecuted (*Perry* v.

Misc.]    Supreme Court, Appellate Term, February, 1917.

*Dickerson,* 85 N. Y. 345; *Milage* v. *Woodward,* 186 id.
252; *McCargo* v. *Jergens,* 206 id. 363), but the *damages*
are *prima facie the* amount of the compensation pro-
vided in the contract (*Howard* v. *Daly,* 61 N. Y. 362,
371), which in the case at bar would be $100 a week for
the period succeeding the discharge, February 4, 1916,
to November 1, 1916, a period of approximately thirty-
eight weeks.    While the doctrine of " constructive
service " obtained, this amount might probably have
been recovered in the guise of wages rather than that
of damages as now in this jurisdiction.    Id. 369.

It is quite natural, therefore, that laymen should
fail to appreciate or express with technical precision
the distinction between the cause of action itself and the
damages which might be recovered thereunder.    It is
certain, however, that plaintiff could not have intended
to assign all his right in the premises against the
defendant.    The express reservation forbids any such
construction.    It seems to me to be equally clear that
he intended to give to Jones something of value.    As
we must endeavor, therefore, to give effect to the clear
intention of the parties to the extent which the mode
of expression adopted by them permits, I find that by
this instrument plaintiff assigned to Jones such propor-
tion of his cause of action against defendant as was
represented by the period named out of the whole unex-
pired term of the agreement of employment.

As between assignor and assignee causes of action
have been divided in many different ways.    See, for
example, *Field* v. *City of New York,* 6 N. Y. 179; *Risley*
v. *Phœnix Bank,* 83 id. 318, 329; *O'Dougherty* v. *Rem-
ington Paper Co.,* 81 id. 496; *Chambers* v. *Lancaster,*
160 id. 342; *Mills* v. *Garrison,* 3 Keyes, 40;
*Firestone* v. *Ætna Indemnity Co.,* 67 Misc. Rep.
443; and a case singularly similar in this respect

to the present case, *Flanders* v. *Canada, etc., Co.,* 161 Fed. Repr. 378; affd., 166 id. (C. C. A.) 321. The right to so divide a cause of action is recognized equally in respect of unliquidated claims *(Fairbanks* v. *Sargent,* 104 N. Y. 108), a cause of action being evidently treated in that regard like all other kinds of property *(Chester* v. *Jumel,* 125 id. 237, 251, 252), except in so far as the assignability is limited by statute (Pers. Prop. Law, § 41), a limitation which is not germane to the present issue. All difficulties concerning the enforcement of an assignment " of a part of an entire debt or obligation " are obviated by our more liberal system of practice. *Risley* v. *Phenix Bank,* 83 N. Y. 318, 329. See, also, article " Is the Right of an Assignee of a Cause of Action Legal or Equitable? " by Prof. Samuel Williston, Harvard Law Review, December, 1916, at p. 404. Although the assignee of a part of a cause of action is ordinarily limited to an action in equity *(Dickinson* v. *Tysen,* 125 App. Div. 735, 737, 738), actions at law by such an assignee have been brought, apparently without objection, and the recovery affirmed. *Dickinson* v. *Tysen,* 209 N. Y. 395, 397; *Risley* v. *Phenix Bank, supra.* All that was held in this respect in the *Dickinson* case in the Appellate Division and *Chapman* v. *Forbes,* 123 N. Y. 532, was that the defendant could not *compel* the plaintiff to bring in an additional party *in an action at law.* See, also, *Rosenberg* v. *Salomon,* 144 N. Y. 92; *Bauer* v. *Dewey,* 166 id. 402. It was not held that the defendant was therefore remediless to prevent a splitting of the cause of action, as I shall show hereafter, or that the plaintiff could not of his own volition bring in the third party, namely, the assignor, in an action at law or one in equity. It is clear, of course, that if Carvill had brought suit upon his undivided cause of action the mere fact that he did

not ask for all the damages which he might have recovered would not prevent a judgment in his favor for only such sum as he sought from being a bar to any further action or recovery. *Pakas* v. *Hollingshead,* 184 N. Y. 211, citing at p. 215, *Colburn* v. *Woodworth,* 31 Barb. 381. See, also, *Rauh* v. *Wolf,* 62 Misc. Rep. 621. But that a judgment in a suit of an *assignee* of part of a single cause of action is not a bar to a recovery by the assignor in a subsequent suit for the balance of the cause of action has been held in *Goldshear* v. *Barron,* 42 Misc. Rep. 198, citing *Miller* v. *Union Switch & Signal Co.,* 13 N. Y. Supp. 711. Although those cases involved respectively two items and two installments already due and accrued payable under a single contract, the principle of *res adjudicata* would be applicable (if the actions had been brought by the original promisee) precisely as though there were but a single sum due under the contract. *Bendernagle* v. *Cocks,* 19 Wend. 207; *Lorrilard* v. *Clyde,* 122 N. Y. 41, 45.

In the *Miller* case the court said: " It is only in those cases where the class of proof is the same, as to all the causes of action existing, that the rule that a recovery for one installment upon a contract is a bar to all that were due at the time of the commencement of the action, applies. *Stowell* v. *Chamberlain,* 60 N. Y. 272. It was said in the case cited that the question is whether the same evidence will maintain both actions. In the case at bar in order to establish his cause of action the plaintiff was required to put in evidence a different assignment. Thus a difference in proof was necessary and no principle has been called to our attention, nor any case cited, which holds that where a party obtains title by different instruments to his causes of action he is bound to unite them all in one suit." This reasoning would seem to be applicable to the present case.

In addition, however, to the reason quoted from the *Miller* case it seems to me to be evident, first, that the parties, namely, the prospective plaintiff and defendant, to a single cause of action may expressly or impliedly consent to its being divided. *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40, 42, 43; *O'Beirne* v. *Lloyd*, 43 id. 248; *So. Pac. Ry.* v. *United States*, 186 Fed. Repr. (C. C. A.) 737, 742, and the cases first herein above cited. *Second*, the defendant in an action brought by the assignee of a part of such cause of action may interpose the objection of a defect of parties, in which case plaintiff may, in an appropriate action, bring in his assignor as a third party; but if that objection be not interposed by the defendant in the suit by the assignee *it is waived.* *Dickinson* v. *Tysen*, 125 App. Div. 735, 738; *Carrington* v. *Crocker*, 37 N. Y. 336, 339; *Baker* v. *Jewell*, 6 Mass. 460; *Fox* v. *Althorp*, 40 Ohio St. 323. Consequently, there is no reason why that suit may not properly proceed to a recovery without effect upon the claim of the assignor based upon the balance of the cause of action, *which has thus by consent of the parties been severed.* *Dickinson* v. *Tysen, supra.* The rule against splitting causes of action is merely one of general policy *for the convenience of the obligor.* *O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496; *United States* v. *Throckmorton*, 98 U. S. 61; *Slaflin* v. *Mather Elec. Co.*, 98 Fed. Repr. (C. C. A.) 699; *Hughes* v. *Dundee Co.*, 26 id. 831.

" The rule that an entire claim cannot be divided and so made the subject of several actions, and that a judgment for a part is a bar to another suit for the remainder, is one for the protection of the debtor and may be waived by him. Such a rule cannot be perverted into an instrument of fraud or injustice. (*Mills* v. *Garrison*, 3 Keyes, 40.) " Gilbert, J., in *Millard* v.

*Missouri, Kan. & Texas R. R. Co.,* 20 Hun, 191, 195. Indeed, it appears self-evident to me that the notion of an implied assent to a severance of the cause of action underlies the doctrine that unless the objection that there is a defect of parties be taken it is waived. What would there be to waive if a recovery by the assignee of a part of a cause of action would bar the right of the assignor to recover on the balance? The defendant would, if that were the rule, have a benefit conferred upon him by the action of the assignee in bringing suit against him upon only a part of the cause of action since the recovery could not exceed that part, but would nevertheless discharge the whole. The element which defendant really waives in not interposing the objection is the right to have the whole cause of action adjudicated in a single suit, and if he waives it he consents by implication to a severance or splitting of the cause of action. *Fourth Nat. Bank* v. *Noonan,* 14 Mo. App. 27; affd., 88 Mo. 372, a case directly in point.

The situation seems to me to be quite analogous to that of cases in which there is originally but a single contract and a single covenant or stipulation; yet a division of the stipulation is held to have resulted by mutual consent inferred from the conduct of the respective parties in the carrying out of the contract. See *Avery* v. *Willson,* 81 N. Y. 341; *Brady* v. *Cassidy,* 145 id. 171.

It is urged that by this interpretation of the course of the parties in the previous litigation defendant has been deprived of his right to interpose, as a complete or partial defense, or in diminution of damages, the earnings which plaintiff may have made or which he would have made had he availed of possible opportunities during the term for which Jones has recovered. I find, however, no such difficulty to exist. Defendant, as I have pointed out, could have enforced his right to

42

have but one action brought against him upon the entire cause of action by insisting that he be not sued except in one action *to which both Jones and plaintiff be made parties;* or having assented, as I hold he did, to a splitting of the cause of action, he was at liberty to interpose this defense, if he could prove it, as applicable to those weeks of the term of employment which were involved in the Jones suit, and he could in the present action have interposed the same defense so far as applicable to the term covered by the instant case.

Finally my attention has been directed to the case of *King* v. *King,* 37 Misc. Rep. 63; affd., 73 App. Div. 547; appeal dismissed, 172 N. Y. 604. This was a suit by the assignee of one-fifth of a debt and note, the action being brought at law. The learned trial judge, in a short opinion, upon the motion of defendant, directed a verdict in his favor. He says:

" Only one action, *i. e.,* for the debt in its entirety, can be maintained against him. Authorities for this need not be cited, unless to gratify the overgrown habit of citation.

" The point that there is a defect of parties plaintiff, which should have been raised by demurrer or answer, and cannot be now raised for not having been so raised (Code Civ. Pro. § 498), is not good. The plaintiff sues for only her alleged one-fifth part. If such an action is maintainable there is no defect of plaintiffs; she is the one to maintain it. If she were suing on the whole note there would be a defect of parties plaintiff."

In the opinion of the Appellate Division, although the judgment was affirmed, it is said of the proposition that " only one action can be maintained for the debt in its entirety," " this is sustained by clear authority *so far as an action at law is concerned."* Reference is also made to a previous decision in the same case in 59 Appellate Division, 128, for the authorities (which

I have cited) for the proposition that the assignee of part of a cause of action certainly has a remedy in equity. Whether, under these circumstances, the dismissal of the complaint or rather the direction of a verdict for defendant was proper was not passed on by the Court of Appeals. The appeal to that court was dismissed on the ground that no question of law was presented by the appeal. An examination of the case on appeal and the briefs discloses the fact that no exception was taken by the plaintiff to the ruling of the trial court complained of, and that consequently the jurisdiction of the Court of Appeals was not successfully invoked. The rendering of judgment absolute in defendant's favor seems to be in conflict by analogy at least with the rule announced in *Black* v. *Vanderbilt,* 70 App. Div. 16, to the effect that where an action *is brought exclusively* as one in equity, although the suit might successfully be maintained in law, the demurrer to the complaint will be sustained; but that *after answer* a dismissal of the complaint should not be granted but the cause remitted to a Trial Term for trial. Even the rule that the complaint may be (substantially) dismissed upon demurrer is seriously criticized in a strong dissenting opinion in *Low* v. *Swartwout,* 171 App. Div. 725, 733 *et seq.* See, also, *Sims* v. *Farson,* 157 App. Div. 38, 41, where the application of the rule is stated to be limited to cases where " it conclusively appears that the complaint was framed for equitable relief *alone.*" So far as the opinion at the Circuit in the *King* case determines that a demurrer for defect of parties is inappropriate, the very contrary in an almost precisely similar case was determined by a unanimous decision in *Dickinson* v. *Tysen, supra.* It must be noted, however, as appears from a reading of the opinions in the *King* case, that this point does not appear to have been urged or even raised therein.

It would seem to me, therefore, that if an action were brought in such form as was the Jones suit, *i. e.,* that it did not clearly appear whether it was intended to sound at law or in equity and happened merely to be noticed for trial at a Trial Term, after issue joined, the only appropriate course upon defendant's sufficient objection would be to remit the cause for trial to the equity term. In the instant case, however, no objection appears to have been raised by defendant to the Jones suit from any point of view, and defendant cannot now be heard to complain either that it was not properly brought or that it was litigated in an inappropriate forum since judgment was permitted to be taken against it without suggestion or objection on that score. Indeed, if literal effect were to be given to the decision in the *King* case, it might be suggested that Jones by the assignment received nothing at all; in which case, of course, no litigation on his part could affect the rights of the plaintiff in the premises.

To sum up my conclusions, I may say that I think that the assignment shows plainly on its face that plaintiff assigned to Jones only a part of plaintiff's whole cause of action, and that to hold otherwise would do plain violence to the manifest intent of the parties; that when Jones sued the defendant in the Municipal Court the defendant could have protected his rights and his own convenience in the premises by interposing a demurrer (or the equivalent objection in the answer if the defect did not appear on the face of the complaint); that there was a defect of parties; that having failed to take that course it must be held to have elected to try in two suits what would otherwise have been a single issue triable in but one action. Any other conclusion, it seems to me, would be contrary to the manifest intent of the parties and accord to defendant an advantage which it elected to surrender by its silence

when it should have spoken and result, as was said by Gilbert, J., in the quotation from the *Millard Case, supra,* in perverting the defendant's undoubted right to insist that he be sued but once on a single cause of action " into an instrument of fraud or injustice."

In my opinion, therefore, the recovery in the Jones suit was no bar to the prosecution of the instant claim.

Judgment reversed, with $30 costs, and judgment directed for plaintiff in the full amount claimed, namely, $1,000, together with the appropriate costs in the court below.

SHEARN, J., not sitting.

GUY, J. (concurring).   I am of the opinion that the assignee under the instrument purporting to be an assignment of part of the assignor's cause of action had no right of action at law against the defendant thereon, though " permitted " to recover judgment to the extent of the assignment.   The recovery of the former judgment against the defendant herein by the assignee is not, therefore, *res adjudicata* as against plaintiff's cause of action.   *King* v. *King,* 37 Misc. Rep. 63; affd., 73 App. Div. 547.

The judgment must, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to abide event.