Louis Ettlinger, Respondent, *v.* The Persian Rug and Carpet Company et al., Respondents; Theodore Schumacher, Appellant.

The holder of bonds issued by a corporation, secured by a trust mortgage, are the real parties in interest, and when any emergency happens which makes a demand upon the trustee to foreclose the mortgage futile, and leaves the right of a bondholder, without other reasonable means of redress, this authorizes his appearance as plaintiff in an action to foreclose.

Plaintiff was one of two bondholders protected by a trust mortgage. In an action to foreclose the mortgage the complaint set forth the requisite facts to justify a foreclosure, and also alleged that the trustee had left this country, was living abroad and had become insane. On the trial the fact of such absence was shown; that the family of the trustee had departed to join him abroad, and that inquiries made in natural and reasonable directions were answered by the statement . that the trustee had become insane. The complaint was dismissed on the ground that plaintiff could not maintain the action where there was a competent trustee unless he refused to act, and if he had become incompetent it was necessary first to procure the appointment of a new trustee. *Held*, untenable; and that the facts proved justified the bringing of the action by plaintiff.

Reported below, 66 Hun, 94.

(Argued March 22, 1894; decided April 10, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made November 18, 1892, which reversed a judgment in favor of defendant Theodore Schumacher, entered upon an order dismissing the complaint on trial at Special Term and ordered a new trial.

This action was brought by plaintiff as holder of a bond of defendant, the Persian Rug and Carpet Company, secured by a mortgage executed by said company to the defendant Paul M. Krause, as trustee, to foreclose said mortgage.

The facts, so far as material, are stated in the opinion.

*Francis B. Chedsey* for appellant. The complaint was properly dismissed on the ground that the plaintiff could not maintain the action without service of the summons on the

trustee. The power to foreclose the trust mortgage was, by its very terms, vested in the trustee and his successors, who were required to act for the protection of all the bondholders as trustee for them. The plaintiff, as a beneficiary of the trust, could have no cause of action to enforce the trust unless the trustee had refused to do so, or had so acted in violation of the trust as to make a demand on him unnecessary, and then the trustee would have been a necessary party defendant. (*W. R. R. Co.* v. *Nolan*, 48 N. Y. 513; *Greaves* v. *Gouge*, 69 id. 154; *Brinckerhoff* v. *Bostwick*, 88 id. 54; *Crouse* v. *Frothingham*, 97 id. 105.) It was essential to the plaintiff's right to bring the action that he should have sought to have the appellant, his co-beneficiary, join with him in bringing the the action. His failure to do so was set up in the answer found by the court, and the complaint was properly dismissed on this ground. (Code Civ. Pro. § 448; *Hawes* v. *Oakland*, 104 U. S. 450.) If the trustee was, as alleged in the complaint, incompetent to act (of which no proof was made) his failure to bring the action did not confer any right upon the plaintiff as a *cestui que trust* to bring it. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Mills* v. *Goodenaugh*, 9 N. Y. Supp. 764.) The order appointing the receiver and directing a sale was entirely unauthorized, without service of notice of application for the order upon either the trustee or the defendant Schumacher. (Code Civ. Pro. § 714; *Colwell* v. *G. N. Bank*, 119 N. Y. 408.) The complaint was properly dismissed on the ground that the action was collusive, and instituted and conducted with the purpose of defrauding the creditors of the mortgagor and the defendant Schumacher. (*O'Mahoney* v. *Belmont*, 62 N. Y. 145; *Howell* v. *Mills*, 53 id. 322.)

*Thomas P. Wickes* for respondent. The court had jurisdiction to entertain the action, and to grant the relief prayed for at the suit of the plaintiff, and in such action to appoint a receiver and direct a sale. (*Butler* v. *Johnson*, 111 N. Y. 204; Code Civ. Pro. § 449; *Hubbell* v. *Medbury*, 53 N. Y. 99; *Cridler* v. *Curry*, 66 Barb. 337; *Bort* v. *Snell*, 39 Hun,

388, 392; *Davies* v. *N. Y. C. Co.*, 41 Hun, 492; *Brincker-hoff* v. *Bostwick*, 88 N. Y. 52; *Greaves* v. *Gouge*, 69 id. 155; *City of Memphis* v. *Dean*, 8 Wall. 64; *Hollenbeck* v. *Don-nell*, 94 N. Y. 342; *Decker* v. *Gardner*, 124 id. 334; *N. P. Bank* v. *Goddard*, 131 id. 497, 500; Jones on Chat. Mort. § 787; Beach on Receivers, §§ 538, 602, 727; *Crane* v. *Ford*, Hopk. Ch. 114; *Devissee* v. *Blackstone*, 6 Blatchf. 235; *Bank* v. *Shedd*, 121 U. S. 74; *Smith* v. *C. S. Co.*, 28 How. Pr. 377.) The objection to the maintenance of this action is not that the court has not jurisdiction of the subject-matter, or of the person, but that plaintiff had not legal capacity to sue, or has failed to join a necessary co-plaintiff, and this objection, not being taken by demurrer, is waived. (Code Civ. Pro. § 488; *Secor* v. *Pendleton*, 47 Hun, 203; *H. Ins. Co.* v. *R. R. Co.*, 11 id. 182; *Sullivan* v. *N. Y., etc., Co.*, 119 N. Y. 348; *Leadbetter* v. *Leadbetter*, 125 id. 290.) The court below erred in admitting in evidence the trial balance of the company dated May 1, 1891. The seventh conclusion of law is erroneous. There is no evidence that the sale was unfair or improper. (*Haines* v. *Taylor*, 3 How. Pr. 206; *Ins. Co.* v. *Oakley*, 9 Paige, 259.) The ordering of a new trial was in the sound discretion of the Supreme Court, and should not be disturbed. (*F. L. & T. Co.* v. *B. & M. T. Co.*, 119 N. Y. 15, 23, 24; *Trustees* v. *Greenough*, 105 U. S. 527; *Woodruff* v. *R. R. Co.*, 129 N. Y. 27; *In re C. Ins. Co.*, 32 Hun, 78; *In re H. P. Assn.*, 129 id. 288.)

FINCH, J. The determination of a single question discussed on the argument will dispose of this appeal. The plaintiff was one of two bondholders protected by a trust mortgage. His complaint showed all the facts necessary to a judgment of foreclosure if the action had been brought by the trustee, and sought to justify his intervention as bondholder and plaintiff in the action upon the ground that the trustee had left this country, and was somewhere in foreign parts, and had become insane. On the trial the fact of such absence was shown; that the family of the trustee had also departed to join him

abroad; and that inquiries made in natural and reasonable directions were answered by the statement that the trustee had become insane. The Special Term dismissed the complaint upon the ground that the bondholder could not sue where there was a competent trustee unless the latter refused to act, and where the trustee had become incompetent it was necessary first to procure the appointment of a new trustee. The dismissal of the complaint did not go upon any failure of proof, but assuming the allegations of the complaint to have been established, still held that the plaintiff could not sue for a foreclosure. An appeal was taken to the General Term, which reversed the judgment and ordered a new trial. Instead of going back and presenting his defense so far as he had one, the defendant, who was the remaining bondholder, and for whose interest a foreclosure was as much of a necessity as for that of the plaintiff, adopted the perilous experiment of an appeal to this court, with the required stipulation for judgment absolute. It appeared on the argument that the defendant was injured only at a single point : not by the foreclosure; not by its natural and proper result; not even by the appointment of a temporary receiver; but by a sale of the property claimed to have been collusive, and which vested title in the plaintiff for less than the real value. All that could have been remedied on a new trial. A re-sale could have been ordered, or the plaintiff compelled to account for the property at its just and fair value, which would have given to the defendant everything to which he was entitled. Seeing the situation and observing the defendant's danger, we suggested to his counsel on the argument the prudence of escaping it by a withdrawal of his appeal. He declined the suggestion, and if any hardship results it will not be the fault of the court.

We are satisfied that the plaintiff had the right to maintain the action, and that fact alone justified the reversal of the judgment by the General Term. It is conceded that the beneficiary may sue where the trustee refuses, but that is because there is no other remedy, and the right of the bond-

holder, otherwise, will go unredressed. The doctrine does not rest rigidly upon a technical ground, but upon a substantial necessity. In the case of a corporation a stockholder may sue, not only because it refuses, but because those who represent it are the very parties who have committed the wrong. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.) In that case we said that a demand upon the corporation to sue would be "futile" and so was "unnecessary," and since the action could not be "effectually prosecuted in that form" the shareholders might sue. What occurred in the present case was tantamount to and an equivalent of a refusal by the trustee. He had gone beyond the jurisdiction; the whole apprehended mischief would be consummated before he could be reached; and if reached there was sufficient reason to believe that he was incompetent. But the Special Term say that in such event a new trustee should have been appointed. That simply reproduces the same difficulty in another form, for a court would hardly remove a trustee without notice to him and giving him an opportunity to be heard. And why should a new appointment be made when any one of the bondholders can equally do the duty of pursuing the foreclosure? The court, in such an action, takes hold of the trust, dictates and controls its performance, distributes the assets as it deems just, and it is not vitally important which of the two possible plaintiffs sets the court in motion. The bondholders are the real parties in interest; it is their right which is to be redressed, and their loss which is to be prevented; and any emergency which makes a demand upon the trustee futile or impossible, and leaves the right of the bondholder without other reasonable means of redress should justify his appearance as plaintiff in a court of equity for the purpose of a foreclosure.

It is unnecessary to consider or discuss other questions, which were numerous. What we have said requires us to affirm the order of the General Term and award judgment absolute against the defendant upon his stipulation, with costs.

All concur.

Ordered accordingly.