(37 Misc. Rep. 63.)

### KING v. KING.

(Supreme Court, Trial Term, Kings County. January, 1902.)

ACTION ON NOTE—INDIVISIBLE INTEREST.

    The maker of a note cannot be sued upon it by one who has only a fractional interest therein.

Action by Beatrice P. King against Arthur R. King. Motion by both sides for direction of verdict. Verdict directed for defendant.

See 68 N. Y. Supp. 1089; 74 N. Y. Supp. 119.

Frank Harvey Field, for plaintiff.

Daniel E. Delavan, for defendant.

GAYNOR, J. George F. Morse as executor of an estate sold property of the estate to the defendant and took his promissory note for the purchase price. The plaintiff is one of five next of

kin to whom such estate is distributable. The said executor by a written instrument assigned to her a one fifth part of the said debt and note after it came due, and she brings this action to recover of the defendant such part.

The action cannot be maintained. The obligation of the defendant is single and indivisible; it cannot be divided into parts. Only one action, i. e., for the debt in its entirety, can be maintained against him. Authorities for this need not be cited, unless to gratify the overgrown habit of citation.

The point that there is a defect of parties plaintiff, which should have been raised by demurrer or answer, and cannot be now raised for not having been so raised (Code Civ. Proc. § 498), is not good. The plaintiff sues for only her alleged one fifth part. If such an action is maintainable there is no defect of plaintiffs; she is the one to maintain it. If she were suing on the whole note there would be a defect of parties plaintiff.

A verdict is directed for the defendant.