(56 Misc. Rep. 192.)

FOGARTY v. O'REILLY et al.

(Supreme Court, Special Term, New York County.   October, 1907.)

1. TRUSTS—ACCOUNTING—JURISDICTION.
        The Supreme Court has jurisdiction of an action against the executrix
    of a deceased trustee and other parties for accounting of the rents of cer-
    tain realty in possession of the trustee, payable in part to plaintiff as a
    beneficiary of the trust.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 417.]

2. SAME—DEATH OF TRUSTEE.
        On the death of a testamentary trustee, where no successor has been ap-
    pointed, a beneficiary can sue the executrix of the decedent for an account-
    ing under the trust.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 411.]

3. SAME—PLEADING—CONVERSION.

A complaint in an action against the executrix of a deceased testamentary trustee for accounting alleged that of the three trustees named in the will two were dead and the other had never acted; that on an accounting in the Surrogate's Court the defendant executrix interposed a defense that the deceased trustee was in possession of the premises from which certain rents were claimed under a title in hostility to the trust; that on appeal the Appellate Court dismissed the proceedings as not within the jurisdiction of the surrogate, and alleged that the decedent received the rents and converted the same to his own use. *Held* to state a cause of action for an accounting, the allegation that the decedent converted the rents not making the action one for conversion.

4. JUDGMENT—RES JUDICATA.

Where a proceeding for an accounting by an executrix of a testamentary trustee was dismissed on appeal for want of jurisdiction in the Surrogate's Court, the proceeding was not res judicata in the subsequent action by the beneficiary under the trust for accounting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1037.]

Action by William P. Fogarty against Sarah A. O'Reilly and others. Demurrer to complaint overruled.

Franklin H. Mills, for plaintiff.
Edward W. S. Johnston, for defendant demurrant.

BISCHOFF, J.  The action is brought against the personal representative of a deceased trustee, with a joinder as defendants of other parties in interest, for an accounting of rents of certain real property in the possession of the trustee, as such, during his lifetime, which rents were payable in part to the plaintiff as a beneficiary of the trust.

The complaint sets forth the will of Patrick A. Fogarty, under which the trust was created; and it is alleged that of the three trustees named in the will one never acted as such and the others are dead; that, in a proceeding instituted in the Surrogate's Court for an accounting of these moneys, the defendant-executrix interposed the defense that the deceased trustee was in possession of the premises from which the rents were derived under a claim of title in hostility to the trust, a defense which served to take the case without the jurisdiction of the surrogate, and that an appeal to the Appellate Division resulted in the dismissal of the proceedings; that this deceased trustee received the rents but, except as to a certain portion, has failed to pay them over to the persons entitled, "and converted the same to his own use."

The defendant-executrix demurs to the complaint upon the ground (1) that the court has not jurisdiction of the subject of the action; (2) that the plaintiff has not legal capacity to sue in that any cause of action growing out of the alleged facts existed in the trustee of the trusts contained in the last will and testament and codicil of the said Patrick A. Fogarty, deceased, or in the substituted trustee to be appointed by the Surrogate's Court of the county of New York and does not exist in the plaintiff; (3) that there is a defect of parties plaintiff, and that William P. Fogarty, as administrator with the will annexed of Patrick A. Fogarty, deceased, is a necessary party plaintiff; (4) that there is a defect of parties-plaintiff, in that the trustee under the trust or trusts created by the will of Patrick A. Fogarty, deceased,

is a necessary party-plaintiff; and (5) that the complaint does not state facts sufficient to constitute a cause of action.

Upon demurrer to the complaint in an earlier action between these parties for the same relief I had occasion to consider certain questions now raised; and I reached the conclusion, to which I adhere, that the failure to cause the joinder of a substituted trustee of this trust was not a defect, also that the questions at issue related wholly to property set apart to the trustee and did not call for the joinder of the personal representative of the testator under whose will the trust was created. Fogarty v. O'Reilly, N. Y. Law J. Nov. 29, 1905. I sustained the demurrer in that action upon the ground that, in the absence of circumstances showing the necessity of resorting to a court of equity, jurisdiction of the action would not be entertained, since the Surrogate's Court could, apparently, afford all necessary relief; but the averments of the complaint before me supply what was then absent. The facts alleged foreshadow the main issue of the case—the defense of title—and disclose a situation which, in all probability, must render a resort to the Surrogate's Court abortive, since with this defense the surrogate's jurisdiction would fall. Matter of Fogarty, 117 App. Div. 586, 102 N. Y. Supp. 776. Needless to say, this court must determine the issue of law as to the question of jurisdiction without waiting for the interposition of an answer, otherwise the plaintiff in such a case as this must be continuously remitted to successive proceedings in the Surrogate's Court, foredoomed to dismissal at the defendant's election, and there is no rule of policy which requires such a result. The special circumstances alleged, therefore, suffice for the exercise of jurisdiction by this court. Matter of Fogarty, supra.

As to the plaintiff's capacity to sue, it is quite true that the primary right of collection of these rents would reside in a trustee appointed in the place of the deceased trustees; but where there is no trustee, a party, substantially and beneficially interested, may come into equity and procure an adjustment of the rights arising out of the trust, the performance of which is thus dictated and controlled by the court. In such a case the appointment of a new trustee is not important, since it is a matter of no moment whether one or another of two possible plaintiffs—the cestui que trust or the new trustee—sets the court in motion, as was held in Ettlinger v. P. R. & C. Co., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587; and within the principle of this authority the plaintiff's right to maintain the action is not well open to question.

The argument against the sufficiency of the complaint proceeds upon some assumed technicalities which call for but little discussion. The statement that the deceased trustee converted these rents to his own use does not impress the action with the character of a suit for conversion in any aspect, even assuming that if it did the pleading would be insufficient in substance. The fact that this trustee did "convert" the funds is material so far as it negatives the presumption, which the demurring party seeks to draw, that the deceased co-trustee had equal possession; but the complaint is framed for an accounting, as demanded, the right to which form of relief is determined by the facts surrounding the possession of the moneys and by the strict fiduciary

relation which existed. Equally futile is the contention that the pleading discloses a defense of estoppel by former adjudication in the averment that the proceeding for an accounting in the Surrogate's Court was dismissed. There is no presumption that the dismissal was upon the merits, a fact which, for the purposes of a bar, must affirmatively appear from the record (Patchen v. D. & H. C. Co., 62 App. Div. 542, 71 N. Y. Supp. 1144); and this complaint certainly contains no suggestion that the merits of an asserted right to an accounting were determined.

The demurrer is therefore overruled upon every ground stated, with costs, with leave to defendant to plead over on payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to plead over on payment of costs within 20 days.