(164 App. Div. 351)

### BARKLEY v. MULLER et al.   (No. 6276.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

BILLS AND NOTES (§ 467*)—INDORSEMENT—"NEGOTIATION"—FRACTIONAL INTEREST—TRANSFER—"HOLDER."

Negotiable Instruments Law (Consol. Laws, c. 38) § 62, provides that an indorsement must be of the entire instrument. Section 60 defines "negotiation" as a transfer from one person to another of an instrument in such manner as to constitute the transferee the holder; and by section 2 the "holder" is defined as the payee or indorsee of a note, who is in possession, or the bearer thereof. *Held*, that an allegation that the payee of a note sued on and his wife, before maturity and for value, indorsed a half interest in the note to and delivered the same to plaintiff, who was the owner and holder thereof, did not allege an "indorsement" or "negotiation" of the note, so as to entitle plaintiff to sue thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1480–1488, 1490, 1491; Dec. Dig. § 467.*

For other definitions, see Words and Phrases, First and Second Series, Negotiation; Holder.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Charles B. Barkley against Joseph H. S. Muller and others. From an order overruling separate demurrers to the complaint, defendants appeal. Reversed, and demurrers sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arnold L. Davis, of New York City (Roy M. Robinson, of New York City, on the brief), for appellants.

Huger W. Jervey, of New York City, for respondent.

DOWLING, J.  The complaint herein, after setting forth that the defendant Muller made his promissory note in writing on a certain date, whereby he promised to pay to the order of George B. Burch, at the Hudson Trust Company, in the city of New York, the sum of $2,500 four months after said date, further proceeds to allege:

"That the defendants George B. Burch and Sarah M. Burch thereafter, and before maturity of said note, for value, indorsed the one-half interest therein to and delivered the same to this plaintiff, who is now the owner and holder thereof."

By section 62 of the Negotiable Instruments Law it is required that an indorsement must be of the entire instrument, and that an indorsement which purports to transfer to the indorsee a part only of the amount payable is declared not to operate as a negotiation of the instrument. By section 60 of the same law "negotiation" is defined as the transfer from one person to another of an instrument in such manner as to constitute the transferee the holder thereof. Where an instrument is payable to order, it is negotiated by the indorsement of the holder completed by delivery. By section 2 of the same law the holder is defined as the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof. In King v. King, 37 Misc. Rep. 63, 74 N. Y. Supp. 751, affirmed 73 App. Div. 547, 77 N. Y. Supp. 40, appeal dismissed 172 N. Y. 604, 64 N. E. 1122, it was held that in an action at law upon a promissory note the obligation of the defendant is single, and cannot be divided into parts, and that only one action can be maintained for the debt in its entirety.

The present action being one at law, and containing no averments or prayer for relief appropriate in an action in equity, it follows that the complaint set forth no cause of action, and that the order appealed from should therefore be reversed, with $10 costs and disbursements, and the demurrers of the defendants sustained, with $10 costs, with leave to the plaintiff to serve an amended complaint within 20 days upon payment of said costs. All concur.