BARKLEY v. MULLER et al. (No. 7346.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

ATTACHMENT ⊙⊸102—AFFIDAVIT FOR ATTACHMENT—VACATION.

An affidavit for attachment, stating that defendants indorsed and transferred a one-half interest in a note and delivered the same to plaintiff, is insufficient to support the attachment, which may be vacated upon motion.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. ⊙⊸102.]

Appeal from Special Term, New York County.

Action by Charles B. Barkley against Joseph H. S. Muller and others. From an order denying motion to vacate warrant of attachment, defendant Joseph H. S. Muller appeals. Reversed, and motion granted.

See, also, 164 App. Div. 351, 149 N. Y. Supp. 620.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

N. Raymond Heater, of New York City, for appellant.
Arthur B. Smith, of New York City, for respondent.

McLAUGHLIN, J. Appeal from an order denying a motion to vacate a warrant of attachment. The motion was made upon the papers upon which the warrant was issued. The complaint, which was one of them, alleges that the appellant made his promissory note in writing, by which he promised to pay to the order of the defendant George B. Burch the sum of $2,500 four months after date; that the defendants George B. Burch and Sarah M. Burch thereafter, and before maturity of the note, indorsed for value a one-half interest therein and delivered the same to the plaintiff, who is now the owner and holder thereof; and that the note was not paid when due, and the same was duly protested. Judgment is demanded in the sum of $1,250, with interest.

It was determined on a former appeal to this court (164 App. Div. 351, 149 N. Y. Supp. 620) that the complaint did not state a cause of action, since the indorsee of a part of a promissory note cannot maintain an action at law thereon (Negotiable Instruments Law [Consol. Laws, c. 38] § 62; King v. King, 37 Misc. Rep. 63, 74 N. Y. Supp. 751, affirmed 73 App. Div. 547, 77 N. Y. Supp. 40, appeal dismissed 172 N. Y. 604, 64 N. E. 1122). It was also determined on that appeal that a cause of action was not stated, either at law or in equity.

The plaintiff urges that the affidavits submitted with the complaint upon the application for the warrant of attachment show that he has a cause of action, that this is all that is required under section 636 of the Code of Civil Procedure to entitle the plaintiff to a warrant, and that it was unnecessary to present the complaint, so that the fact that a cause of action is not therein set forth is of no importance. Irrespective of whether or not this contention is sound, I think the war-

rant of attachment should have been vacated, because a cause of action is not set out in the affidavits. The statement therein made is that "defendants * * * indorsed and transferred the one-half interest therein to and delivered the same to this plaintiff." · The word "transferred" was not used in the complaint, but the use of such word in the affidavits does not change the cause of action attempted to be stated in the complaint. It is perfectly obvious from the context that the word "transferred" was used merely to show the fact that the plaintiff had purchased a one-half interest in the note by indorsement and not otherwise. The affidavits upon which the warrant of attachment was issued were therefore insufficient, and the motion to vacate should have been granted.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. Order filed. All concur.