JAMES L. CLARE, as Executor of BRIDGET CLARE, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY et al., Defendants.

(Supreme Court, Bronx Special Term, June, 1917.)

Foreclosure — participation mortgages — who not entitled to maintain action — pleading — contracts.

> Where by a participation mortgage agreement it clearly appears that it was the intention of the parties to give to the senior participant the entire right to manage, control and deal with the mortgage and simply to preserve to the junior participant the right to receive from the senior participant the principal of his junior participation, with interest, the junior participant is not entitled to maintain an action to foreclose the mortgage and a demurrer to the complaint will be sustained.

> As a demand upon the senior participant would be a condition precedent to the bringing of a suit in foreclosure, the failure of the complaint to allege such demand was an additional reason why it did not set forth a good cause of action.

ACTION to foreclose a mortgage. Demurrer to complaint.

William F. Clare for plaintiff.

George W. Hubbell for defendant New York Life Insurance Company.

Charles P. Hallock for defendants Bonhag.

ORDWAY, J. This is an action for the foreclosure of a mortgage, brought by a junior participant in the mortgage against the senior participant and the other usual parties to such an action. The defendant New York Life Insurance Company, which is the senior participant in the mortgage, and the defendants Bon-

hag, who are the owners of the equity, demur to the complaint on three grounds. *First,* that the plaintiff has not legal capacity to sue, in that legal and equitable title to the mortgage sought to be foreclosed is vested in the New York Life Insurance Company, and plaintiff's only interest in said mortgage is derived under a participation agreement by which the New York Life Insurance Company has all the rights of the holder of the said bond and mortgage, and alone has the right to maintain an action for the foreclosure of the mortgage; *second,* that the New York Life Insurance Company, the owner of the mortgage, has extended the payment of the same for a period of three years from February, 1917, and that the said mortgage is not now due and payable, and *third,* that the complaint does not state facts sufficient to constitute a cause of action. The issues of law raised by these demurrers are now brought on for trial as contested motions.

The question whether the New York Life Insurance Company, the senior participant in the mortgage, had the legal right to extend the mortgage, and whether the mortgage is now due and payable, is not before me on these pleadings. The complaint nowhere alleges any such extension. The only allegation in regard to such extension is that demand was made upon the New York Life Insurance Company to foreclose the mortgage, and " that upon such demand the New York Life Insurance Company refused to comply therewith, stating as its reason for such refusal that it had extended said mortgage for the period of three years and had delivered the extension agreement to the present owner of the property." This, however, is not an allegation that the mortgage was extended. It is a mere allegation of a statement by the New York Life Insurance Company of its reason for refusing to foreclose. In addition to this the complaint alleges in the

thirteenth paragraph that the principal of the said bond and mortgage became due and payable on the 23d day of February, 1917, and has not been paid, and that the whole amount thereof is now justly due and owing. In this state of the pleadings the demurrers to the complaint on the ground that the mortgage has been extended must be overruled.

The real question in this case, which is raised by the other two grounds of demurrer, is whether the plaintiff can maintain an action to foreclose this mortgage at the present time, assuming that it is past due and payable. The answer to this question depends upon the construction to be given to the participation agreement. The bond and the mortgage, which are for $36,000, were originally made to the Title Insurance Company of New York which thereafter assigned the same to the New York Life Insurance Company, which assignment was duly recorded. Thereafter, the New York Life Insurance Company and the plaintiff executed a participation agreement, to which the mortgagor and the present owners of the property were not parties, which provided that the New York Life Insurance Company should have a senior or prior interest in said mortgage to the extent of $30,000, and that the plaintiff should have a junior or subordinate interest in said mortgage to the extent of $6,000. This participation agreement is in the usual form of such agreements, and provides, among other things, that the New York Life Insurance Company '' shall have all the rights of any holder of said bond and mortgage, and in the event of any default on said bond and mortgage, to foreclose the same and receive the proceeds of sale from the referee.'' The agreement contains other provisions defining the rights of the parties, but throughout the same it seems clear that the intention of the parties was to give the New York

Life Insurance Company, the senior participant, the entire right to manage and control and deal with the mortgage, and simply preserve to the plaintiff, the junior participant, the right to receive from the senior participant the principal representing his junior participation and interest thereon as collected until the principal was paid. It seems to me that the fair and reasonable construction of this agreement is that the New York Life Insurance Company, the senior participant, has the sole and exclusive right to bring a suit for the foreclosure of the mortgage; that this was and is the plaintiff's understanding appears from the allegation contained in the 11th paragraph of his complaint, as follows: "That by said instrument it was further agreed that the New York Life Insurance Co. should have all the rights of the holder of said bond and mortgage, and in the event of any default on said bond and mortgage the *exclusive* right to foreclose the same and receive the proceeds of sale from the referee." In view of the provisions of the participation agreement and the allegations of the complaint it seems to me that the junior participant has no right to maintain an action to foreclose this mortgage, but that the sole and exclusive right to maintain such an action is vested in the senior participant, the New York Life Insurance Company. *Lowenfeld* v. *Wimpie,* 139 App. Div. 617; affd. on opinion of court below, 203 N. Y. 646; *Corporate Investing Co.* v. *Gracehull Realty Co.,* 157 App. Div. 259.

The plaintiff relies upon the well established rule that where a mortgage is made to a trustee for the benefit of a *cestui que trust* and the trustee improperly or unreasonably refuses to foreclose the mortgage, after demand duly made, or where owing to sickness or insanity it is impossible for him to do so,

the *cestui que trust* may himself maintain an action in his own name to foreclose such mortgage, citing *Ettlinger* v. *Persian Rug & Carpet Co.*, 142 N. Y. 189, and other cases. It seems to me, however, that that rule is not applicable to this case. It is based upon the peculiar relations of a trustee and *cestui que trust*, which are especially a subject of equity jurisdiction, whereas there is no trust relation between the senior and the junior participants under this participation agreement, but a purely legal contractual relation. Undoubtedly the senior participant acts in a fiduciary capacity under this agreement and owes the duty to the junior participant to act in good faith for the protection of his interest. If the senior participant fails to do this the junior participant may hold him liable in damages. *Lowenfeld* v. *Wimpie, supra; Thomas* v. *Zahka*, 99 Misc. Rep. 333.

The distinction between the rights of a *cestui que trust* who is, in the contemplation of the parties, a party to the agreement sought to be enforced, and the rights of a subordinate contractor with one of the parties to the agreement, to whom the other party is a complete stranger, is indicated by the Court of Appeals in *O'Beirne* v. *Allegheny & K. R. R. Co.*, 151 N. Y. 372, 383: " The bondholders are the beneficiaries of the mortgage, or the deed of trust, and that instrument contains, in effect, a contract made for their benefit through a trustee as a convenient intermediary. It is upon that principle that such an action as this is permitted. Whatever rights were vested in the trustee through the mortgage instrument, as against the mortgagors, inured to the benefit of the bondholder as the beneficiary, and are enforceable by him, in the case of refusal or neglect on the part of his trustee to act for him upon his making the proper request."

But even if the general rule, that a beneficiary of a trust mortgage has the right to bring suit to enforce the same where his trustee improperly or unreasonably refuses to do so, applied to a case of this character where there is no trust relation, nevertheless the rule referred to does not extend to cases where, by the terms of the trust mortgage, the beneficiary has agreed that he will not bring suit to enforce the same. Where, as in many of such mortgages, it is provided that the trustee shall alone have the right to foreclose, either absolutely or only on request of a certain percentage of the beneficiaries, it is always held that a single beneficiary has no right to sue to foreclose the mortgage. *Batchelder* v. *Council Grove Water Co.,* 131 N. Y. 42; 27 Cyc. Morts. 1546, states the rule to be: " Under such a trust deed, any ·beneficiary may institute a suit for foreclosure in his own name, when the trustee unreasonably neglects or refuses to do so,   *   *   *   provided only that the deed of trust itself does not forbid a single beneficiary to sue or restrict the right." In this case, as above shown, the fair construction of the participation agreement, which is borne out by paragraph 11 of the complaint, is that the plaintiff, the junior participant, has voluntarily deprived himself of the right to maintain this action.

It should also be borne in mind that these participation agreements are very common. Hundreds of them are made by title companies and other corporations investing in mortgages, and no case has been called to my attention, nor have I ever heard of any, where a junior participant has asserted the right himself to maintain an action to foreclose the mortgage. In this case there is only one junior participant, but in many cases there are several, and there might well be a very large number. Is it reasonable that any one

of these junior participants should be allowed to maintain independently an action to foreclose the mortgage? If one has the right to do so, the others must have an equal right, and there might be several suits pending at the same time to foreclose the same mortgage. For these reasons an agreement which prohibits any one but the senior participant from maintaining a suit to foreclose the mortgage does not seem so unreasonable as the plaintiff claims, but even if such an agreement were unreasonable he has deliberately made it and must be bound by its terms. It is quite improbable that the senior participant, who in this case has an interest five times as great as the junior participant, will do anything to imperil its own interest, but even if it does the plaintiff has an adequate remedy by suit at law for damages. There is no allegation whatever in the complaint that the New York Life Insurance Company has acted improperly or unreasonably in refusing to foreclose the mortgage, or that the plaintiff is injured or damaged in any way, or likely to be, by such refusal.

There is an additional reason why the complaint does not set forth a good cause of action. The plaintiff himself concedes that it was necessary as a condition precedent to his bringing this suit that a demand should be made upon the senior participant, the New York Life Insurance Company, to foreclose the mortgage and that it should refuse to do so. It seems to me, however, that the complaint does not plead such a demand. It alleges in paragraph fourteenth that the plaintiff assigned his right, title and interest in the bond and mortgage to Mary E. Clare on February 28, 1917, and in paragraph sixteenth that this assignment to Mary E. Clare was made upon the express representation by the New York Life Insurance Company that it would give its written consent

to such assignment, which consent was necessary under the agreement, but that it has never given its consent thereto, and that thereafter said Mary E. Clare reassigned her interest in said bond and mortgage to the plaintiff. The complaint further alleges in paragraph seventeenth that on the 27th day of February, 1917, said Mary E. Clare, as assignee of the plaintiff's interest in said mortgage, made a formal demand on the New York Life Insurance Company to foreclose, but that the New York Life Insurance Company refused to comply therewith. The demand alleged in paragraph fifteenth of the complaint, being general in terms, must be deemed to be the same demand more specifically alleged in paragraph seventeenth. Even if the plaintiff were correct in claiming that the New York Life Insurance Company is estopped from asserting that the assignment to Mary E. Clare was null and void for lack of its consent, and from asserting that a demand made by her as such assignee was of no effect, nevertheless, I fail to see how a demand made by Mary E. Clare the day before the interest in the mortgage was assigned to her can be deemed to be of any force or effect. The demand pleaded was made by Mary E. Clare as assignee on February twenty-seventh, but the assignment to her was not made until February twenty-eighth. It seems to me, therefore, that the complaint does not show any valid demand upon the New York Life Insurance Company to foreclose this mortgage, and that for that reason also the complaint is defective.

Demurrers sustained, with ten dollars costs to the defendant New York Life Insurance Company, and ten dollars costs to the defendants Bonhag, with leave to the plaintiff to serve an amended complaint on payment of said costs.

Ordered accordingly.