JAMES L. CLARE, as Executor, etc., of BRIDGET CLARE, Deceased, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY and Others, Defendants, Impleaded with WILHELMINA M. BONHAG and LOUISE M. BONHAG, Appellants.

First Department, July 13, 1917.

**Mortgage — agreement by owner of mortgage that plaintiff shall have secondary interest therein — contract construed — agreement not creating trust relationship — extension of time of payment — when owner of secondary rights in mortgage not entitled to maintain foreclosure — receivership.**

Where the defendant insurance company holding a bond and mortgage by assignment agreed with the plaintiff that he should have an interest in the mortgage to a certain amount, but that the defendant should be the owner of the balance and that its ownership was to be superior to that of the plaintiff, as if the latter's interest were a junior mortgage, and the defendant was entitled to satisfy the mortgage, being only required to account to the plaintiff for his interest, and the defendant had a full right to foreclose in case of default in which case the plaintiff was only to have a right to an accounting for moneys received in excess of the defendant's interest and the latter's rights were made irrevocable, there was no trust relationship between the parties, and hence the defendant at the maturity of the

mortgage had a right to extend the time of payment at the request of the owner of the equity of redemption.

Such extension of time did not give the plaintiff the right to bring a suit of foreclosure, that right being vested solely in the defendant.

It follows that, where the plaintiff brought an unauthorized suit of foreclosure, the defendant is entitled to have an order appointing a receiver vacated.

APPEAL by the defendants, Wilhelmina M. Bonhag and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 15th day of May, 1917, denying their motion to vacate a receivership in foreclosure.

*Charles P. Hallock*, for the appellants.

*William F. Clare* [*Frederick A. Gill* with him on the brief], for the respondent.

LAUGHLIN, J.:

The appellants are the owners of the equity of redemption. The action is brought to foreclose a mortgage for $36,000 given by Flannigan, Inc., to the Title Insurance Company of New York, on the 23d day of February, 1912, as security for the payment of a bond of the same amount. The mortgage was assigned to the defendant insurance company on the day of its date and on the same day a participation agreement was made between the insurance company and the plaintiff, which recites that the mortgage was to be assigned to the insurance company and that plaintiff was to have an interest therein to the extent of $6,000 and interest thereon, and that the insurance company was to become the owner of the balance, but that its ownership was to be superior to that of the plaintiff precisely as if the plaintiff's interest was in a junior mortgage. The participation agreement provided that the company might assign its interest and that it and its assignee were authorized to collect and accept payment of the entire amount and to execute a satisfaction of the mortgage, but that in either of said events was to account to the plaintiff for his interest. It was expressly provided that the insurance company should have all the rights of any holder of a bond and mortgage and a right to

foreclose in the event of a default and to receive the proceeds of a sale, but that plaintiff should have the right to an accounting for the moneys received in excess of the company's interest. It was further provided that the rights thus conferred upon the insurance company were irrevocable and that plaintiff should receive notice of any default and should be made a party defendant in any foreclosure action, and he agreed not to sell or assign his interest without the consent of the company. The mortgage fell due on the 23d day of February, 1917. Three days prior thereto, at the request of the owner of the equity of redemption, the insurance company extended the time of payment for three years on condition that $500 be paid on the first day of March of each year and $300 on the first day of August of each year. By the extension agreement the company reserved the right of recourse against any prior bondsmen. The plaintiff brings this action on the theory that the insurance company became his trustee and that on the failure of the company to foreclose on the maturity of the mortgage he had the right to do so, making the trustee a defendant, and he claims that the extension agreement was invalid.

The mortgage contained a clause assigning the rents to the mortgagee in case of default, and that is the theory on which the order appointing the receiver was made and has been sustained.

The appellants demurred to the complaint on the grounds (1) that plaintiff has no legal capacity to sue; (2) that title to the mortgage and the right of foreclosure is vested solely in the company; (3) that the company, having the legal and equitable title, was authorized to grant the extension, and (4) that the facts stated are insufficient to constitute a cause of action. The court at Special Term held that the extension agreement, if valid, released the liability on the bond, but that it was invalid. A demurrer to the complaint by the insurance company has been sustained at Special Term on the ground that it has the exclusive right of foreclosure and that plaintiff's sole remedy is under his contract with the company. (*Clare* v. *N. Y. Life Ins. Co.,* 100 Misc. Rep. 308.) The plaintiff in support of his contention that he has an interest in the mortgage sufficient to entitle him to bring the

action on the failure of the company so to do, relies on *Ettlinger* v. *Persian Rug & Carpet Co.* (142 N. Y. 189). In that case, however, there was an express trust. Appellants rely principally on *Lowenfeld* v. *Wimpie* (139 App. Div. 617), and it is, I think, controlling. In that case the plaintiff and defendant owned a bond and mortgage in severalty and agreed that plaintiff's ownership should be prior to and superior to that of the defendant, as if the plaintiff held a first mortgage, and that plaintiff should have all the rights of a holder of a bond and mortgage. The plaintiff, without the consent of the defendant, agreed that prior liens should be paid by a new first mortgage and that a new second mortgage should be substituted for the mortgage which the parties held in severalty. This court held that the taking of the new mortgage was authorized and that the participation agreement did not create a trust relationship between the parties; and the Court of Appeals affirmed on the opinion of this court written by Mr. Justice SCOTT (203 N. Y. 646). The participation agreement in that case was substantially the same as the one in question, and although the facts differ somewhat, that decision is not distinguishable in principle from the case at bar and is, therefore, controlling.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the receivership granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.