HENRY L. GOODWIN, as Sole Surviving Trustee, etc., of GILBERT S. CODDINGTON, Deceased, Respondent, *v.* INVESTORS AND TRADERS REALTY COMPANY and Others, Defendants, Impleaded with FREDERICK C. GILSEY, Appellant.

First Department, July 2, 1924.

Mortgages — action by owner of one-fifth subordinate interest in mortgage to recover on alleged joint and several bond secured thereby — plaintiff's interest in mortgage arose out of participation agreement giving him one-fifth subordinate interest with right in other party to foreclose mortgage and receive proceeds — plaintiff's right to sue on bond is not absolute — action on bond cannot be split.

The plaintiff who had a one-fifth interest in a bond and mortgage acquired under a participation agreement by which his interest was made subordinate to that of the other party to the agreement, who had the right to foreclose the mortgage and receive the proceeds subject to an accounting, does not have the absolute right to sue on the bond, since under the agreement that right was given to the other party, and it is not alleged that that party has refused to proceed after demand.

Furthermore, the plaintiff cannot split up the bond at his election and sue for his alleged share therein, and, therefore, his complaint fails to state a cause of action to recover the amount of his interest in the bond with interest thereon.

APPEAL by the defendant, Frederick C. Gilsey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1923, denying the defendant's motion to dismiss the complaint upon the ground that the facts pleaded are insufficient to constitute a cause of action, and also from an order entered in said clerk's office on the 30th day of October, 1923, granting a reargument of the motion to dismiss the complaint and again denying said motion.

*Miller & Wessel* [*Arthur Ofner* of counsel; *Harry N. Wessel* with him on the brief], for the appellant.

*Charles E. Le Barbier* [*Carroll Sprigg* with him on the brief], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $10,000, with interest, on an alleged joint and several bond for $50,000, secured by a mortgage upon premises known as 138–140 West Thirty-second

street in the borough of Manhattan, city and county of New York. The complaint in substance alleges as follows:

Plaintiff is the sole surviving trustee under the last will and testament of Gilbert S. Coddington, deceased. On February 4, 1907, the defendant Investors and Traders Realty Company, the then owner of the said premises, executed its mortgage to the then trustees of said estate in the sum of $50,000 dated on said day, and maturing February 4, 1910, with interest at five per cent per annum, payable semi-annually. On the same day a bond in a like amount, secured by this mortgage, was executed by defendants Investors and Traders Realty Company, William L. Sutphin, Frederick C. Gilsey, Frederick J. Davison and Isidor J. Pocher. On October 7, 1910, the plaintiff and his cotrustee assigned the bond and mortgage to the Windsor Trust Company, by which it was in turn assigned to the Mutual Bank of New York. On April 23, 1913, the Mutual Bank assigned the bond and mortgage to Alma M. Gilsey in consideration of the sum of $50,000 advanced in equal portions by the plaintiff and his cotrustee, and by Alma M. Gilsey. In consideration of the $25,000 contribution by the trustees toward the purchase price of the mortgage, they became entitled to receive in exchange therefor a bond and mortgage in the sum of $15,000 owned by Alma M. Gilsey, and being a junior incumbrance on the property in question and the balance of $10,000 in the form of a participation to that extent in the $50,000 bond and mortgage before described. Thereupon Alma M. Gilsey assigned to the trustees the $15,000 bond and mortgage in question, and an agreement was thereupon executed between the parties, dated April 23, 1913, under the terms of which Alma M. Gilsey was vested with a $40,000 ownership in the $50,000 bond and mortgage, and the plaintiff with the balance of $10,000 therein. A copy of the agreement is annexed to the complaint and made a part thereof.

On March 17, 1915, Alma M. Gilsey assigned the $50,000 bond and mortgage to the State and City Realty Company, in consideration of the payment to her of $50,000, which sum with interest thereon at five per cent from October 23, 1914, she covenanted was then due and owing. No part of the principal sum of $50,000 with interest at five per cent per annum from April 23, 1913, has been paid to the plaintiff by Alma M. Gilsey and the State and City Realty Company or either of them, and no part of said sum nor of the interest thereon has been paid by the obligors under the bond of February 4, 1907. Plaintiff demands judgment against defendants for the sum of $10,000, with interest thereon at five per cent from April 23, 1913.

Plaintiff has brought this action upon the same theory advanced by him in the accompanying action of *Goodwin* v. *Gilsey* (210 App. Div. 31), that under the identical agreement which is the basis of both suits, he is an absolute owner of an undivided one-fifth part of the bond and mortgage in suit. For the reasons advanced in the opinion in that case, he is in error in that contention, and his rights are simply those of a junior participation owner as fixed by the agreement into which he entered. Thereunder, Alma M. Gilsey was given the right to foreclose the mortgage and plaintiff was given the right to an accounting for a sum received by her in excess of her $40,000 participation in the mortgage. Plaintiff's right to sue upon the bond is not absolute in any event, being subordinated to that of Alma M. Gilsey. Nor can he split up the bond at his election and sue for his alleged share therein. He is not the owner of the bond, even according to his averments, but only of an interest therein, qualified and restricted by the agreement. That the primary right to sue upon this bond or to foreclose the mortgage is in Alma M. Gilsey seems to be settled. (*Clare* v. *New York Life Insurance Company,* 178 App. Div. 877; *Corporate Investing Company* v. *Gracehull Realty Company,* 157 id. 259; *Lowenfeld* v. *Wimpie,* 139 id. 617; affd., 203 N. Y. 646.) Alma M. Gilsey is not a party defendant to this action, nor is there any averment in the complaint of a demand made upon her to bring suit upon the bond, and of a refusal by her so to do.

Moreover, plaintiff is unable to show any warrant of law for the splitting up of a single and entire obligation into parts for the commencement of suit upon a minor portion thereof.

In *Barkley* v. *Muller* (164 App. Div. 351) the complaint set forth that the defendant Muller made his promissory note in writing, whereby he promised to pay to the order of George B. Birch the sum of $2,500 four months after date and alleged that the defendants George B. Burch and Sarah M. Burch thereafter and before maturity of said note, for value indorsed a one-half interest therein to plaintiff and delivered the same to him and that he was then the owner and holder thereof. This court said: " In *King* v. *King* (37 Misc. Rep. 63; affd., 73 App. Div. 547; appeal dismissed, 172 N. Y. 604) it was held that in an action at law upon a promissory note the obligation of the defendant is single and cannot be divided into parts, and that only one action can be maintained for the debt in its entirety. The present action being one at law, and containing no averments or prayer for relief appropriate in an action in equity, it follows that the complaint set forth no cause of action, and that the order appealed from should, therefore, be reversed."

The complaint herein fails to state any cause of action at law, and the order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to appellant, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.