GREAT NECK IMPROVEMENT CORPORATION, Plaintiff, *v.* SHOREWARD REALTY CORPORATION and Others, Defendants.

Supreme Court, Nassau County, May 14, 1932.

*Bond & Babson* [*Walter H. Bond* of counsel], for the motion.

*Cadwalader, Wickersham & Taft* [*R. Keith Kane* of counsel], opposed.

ADEL, J. Motion made by two certain defendants to dismiss the complaint under rule 106 of the Rules of Civil Practice on the grounds that it appears on the face of the complaint: (1) That the plaintiff has not legal capacity to sue, for the reason that Louis Guerr and Richard Rosso, co-owners with the plaintiff of undivided interests in the bond and mortgage referred to in the complaint, are not made parties plaintiff in this action, and (2) that the complaint fails to state facts sufficient to constitute a cause of action. Action is to foreclose a mortgage upon real property for $110,000 made by defendant Shoreward Realty Corporation, the obligee on the bond, and one of the moving parties herein, in which mortgage plaintiff has a participating interest to the extent of $85,000, and two certain defendants have together a participating interest in the remainder of the principal sum secured thereby. Plaintiff is required to allege the reason why the other two owners participating in the mortgage were made parties defendant instead of parties plaintiff. This was not done. (See *Dahl* v. *Levenberg,* 172 App. Div. 919.) The owner of the equity of redemption can avail itself of the plaintiff's failure as well as the owners participating in the mortgage. (*Clare* v. *N. Y. Life Ins. Co.,* 100 Misc. 308; affd., 178 App. Div. 877; *Goodwin* v. *Investors & Traders Realty Co.,* 210 id. 38.) The motion is granted, with leave to plead over on payment of costs. Settle order on two days' notice.