## In the Matter of the NEW YORK TITLE AND MORTGAGE COMPANY. (381–383 Park Avenue.)

Supreme Court, Additional Special Term, New York County, March 6, 1937.

*Chandler & Mills, Marsden B. Chandler* and *Paskus, Gordon & Hyman* [*Sanford D. Levy* of counsel], for the New York Trust Company, trustee for Series N-106, for the motion.

*Benjamin J. Rabin* [*Maurice Finkelstein* and *Arthur Rosenberg*, of counsel], for the Mortgage Commission of the State of New York.

*William A. Shea* [*Jess H. Rosenberg* and *Irving H. Jurow*, of counsel], opposed.

FRANKENTHALER, J. The petitioner is a trustee of a reorganized issue of mortgage certificates. An action is pending to foreclose the mortgage securing the issue, which mortgage is now held by the petitioner. Part of the mortgage is represented by outstanding certificates and part represents an unsold portion belonging to the Superintendent of Insurance, as liquidator of New York Title and Mortgage Company. No certificates were issued for such unsold portion. The petitioner seeks, among other things, permission to join the liquidator as a defendant in the foreclosure action (1) in order to determine therein whether the unsold portion belonging to the latter is junior, subordinate and inferior to the portion held by the trustees for the benefit of the certificate holders " as if the petitioner held a first mortgage on said premises * * * and the * * * Liquidator * * * held a second mortgage on said premises," and (2) for the purpose of cutting off said liquidator's interest if it be held to be junior and subordinate.

The certificate holders and the liquidator both own interests in the same mortgage and the trustee holds title to the bond and mortgage on their respective behalves. The action seeks to foreclose the entire mortgage and not merely that part thereof which is represented by certificates. Since the trustee has title to the entire mortgage it must be deemed to hold the same in trust for the certificate holders and for the liquidator, as their interests may appear. Title to the whole mortgage vested in the trustee after it qualified as such under the plan of reorganization. There was no splitting up of the mortgage between the trustee and the liquidator. Nor could such a split up of a single obligation be effected without the consent of those liable upon the bond and mortgage.

The proper procedure to be followed by the trustee is to foreclose the entire mortgage. Any proceeds ultimately received by the trustee will be held by it in trust for both the certificate holders and the liquidator. In view of the fact that the certificate holders are entitled to priority over the uncertificated unsold portion, adjudication as to such priority to be obtained on a proper application, no payments are to be made by the trustee on account of the unsold portion until the certificate holders have been paid in full. It does not follow, however, from the fact that the right of the liquidator to share in the proceeds of the mortgage is subordinate to that of the certificate holders that the unsold portion may be treated as if it were a second mortgage and cut off as such in a foreclosure action. The situation might, perhaps, be different if there were an agreement between the certificate holders and the liquidator to the effect that the latter's interest in the mortgage was to be treated as if it were a second mortgage. Such agreements are common in the case of senior and junior participations in mortgages (*Clare* v. *New York Life Ins. Co.*, 178 App. Div. 877; *Lowenfeld* v. *Wimpie*, 139 id. 617; affd., 203 N. Y. 646; *Goodwin* v. *Investors & Traders Realty Co.*, 210 App. Div. 38), and, where they exist, the holder of the senior interest is not a trustee for the owner of the junior interest. (*Clare* v. *New York Life Ins. Co., supra; Lowenfeld* v. *Wimpie, supra.*) In the absence of such an agreement, however, there is no justification for treating what is actually a junior interest in a single first mortgage as if it were in fact a separate and independent second mortgage.

If the relief sought by the petitioner were granted the petitioner would no longer occupy a trustee relationship to the liquidator as owner of the unsold portion of the mortgage. Moreover, if the liquidator's unsold interest were treated as a second mortgage he would be obliged to bid at least the amount of the outstanding

certificates, and perhaps more, in order to protect his interest at the foreclosure sale. If, on the other hand, his interest is not treated as a second mortgage but rather as a junior interest in the first mortgage, he would be under no such obligation to bid and would, nevertheless, be entitled to be paid from any surplus which might ultimately result after satisfaction of the prior claims of the certificate holders.

For the reasons indicated this court is of the opinion that the motion should be denied in so far as it seeks to join the liquidator as a defendant for the purpose of cutting off his interest in the first mortgage as if it were in fact a second mortgage.

To the extent that leave is sought to make the liquidator a defendant for the purpose of protecting the title company's guarantee to the certificate holders and for the purpose of cutting off any lien which the liquidator might have for advances of interest previously made by the company, etc., the motion is granted. This disposition does not, however, constitute a holding that the mere joining of the liquidator as a defendant would, in and of itself, preserve the guarantee. Settle order.