ABRAHAM A. GOLDENBERG et al., Respondents, v. TEEKAY DRUG CORP. et al., Defendants, and N. Y. PHARMACISTS DISCOUNT CORP. et al., Appellants.— In an action by assignees of a senior participating interest in a chattel mortgage to foreclose the mortgage, the chattel mortgagor and the individual indorser of the notes defaulted in pleading. Appellants are respectively the original chattel mortgagee and the alleged present owner of the chattels. After default in the payment of notes commencing March 16, 1953, and demand made that the chattel mortgagee foreclose, this action for that relief was instituted. Plaintiffs' motion for summary judgment was granted and appellants' cross motion to dismiss the complaint for insufficiency was denied. This is an appeal from the order and judgment (one paper) entered on that determination. Order and judgment (one paper) modified (1) by striking from the second ordering paragraph the word "granted" and by substituting therefor the word "denied"; and (2) by striking therefrom everything which follows the second ordering paragraph. As so modified, the order and judgment (one paper) unanimously affirmed, without costs. Ordinarily there is no trust relationship between the holder of a senior and junior participating interest in a mortgage sufficient to constitute the holder of the senior interest a trustee for the junior interest. (*Lowenfeld* v. *Wimpie*, 139 App. Div. 617, affd. 203 N. Y. 646.) However, the particular terms of the contract, by which the chattel mortgagee assigned the senior participating interest to the plaintiffs' assignor, created a trust relationship between the mortgagee and the assignees with respect to the senior participating interest in the mortgage sufficient to authorize foreclosure by plaintiffs, as *cestuis que trustent,* on the mortgagee's improper and unreasonable refusal to foreclose the mortgage on demand. (*Ettlinger* v. *Persian Rug & Carpet Co.,* 142 N. Y. 189; *O'Beirne* v. *Allegheny & Kinzua R. R. Co.,* 151 N. Y. 372; *Campbell* v. *Hudson & Manhattan R. R. Co.,* 277 App. Div. 731.) Nevertheless, there are questions of fact as to whether the mortgage in suit was foreclosed in February, 1952, as claimed by appellants, and as to the amount of the deficiency judgment, sufficient to bar summary judgment. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ. [See *post,* pp. 743, 799.]